2004 VT 13

## Stephen NORMAN v. VERMONT OFFICE OF COURT ADMINISTRATOR

[844 A.2d 769]

No. 03-146

¶ 1. January 29, 2004. Plaintiff Stephen Norman appeals from a superior court order denying his Public Records Act request for certain documents in the custody of defendant Office of the Court Administrator (OCA). Plaintiff contends the court erroneously concluded that the records were exempt from disclosure under the Act's exception for "records which by law are designated confidential." 1 V.S.A. § 317(c)(1). We reverse and remand.

¶ 2. In March 2000, plaintiff filed a complaint against the City of Burlington and the OCA, seeking access under the Public Records Act, 1 V.S.A. §§ 315-320, to the "nonexempt records of employment" of Darryl K. Graham, a former employee of the Burlington Police Department between 1978 and 1981, and a former investigator with the OCA from 1995 to 1999. Plaintiff alleged that both the Department and the OCA had provided copies of some of the requested documents but had improperly withheld others. The OCA later provided plaintiff with an index listing some twenty-five nondisclosed documents. The index contained a summary of each document, the number of pages, the author and recipient, the basis for nondisclosure under the Act, and a brief note relating the contents of the document to the claimed statutory exemption.

¶ 3. The parties filed cross-motions for summary judgment. Plaintiff narrowed his request to seven documents withheld by the OCA, identified in the index as documents 1 through 7. The court examined the documents in camera, and later issued a written decision, concluding that all seven documents were entirely exempt from disclosure under the Act's exception for "records which by law are designated confidential." 1 V.S.A. § 317(c)(1). This appeal followed.[1]

¶ 4. We have frequently observed that the Act is to be "construed liberally" in favor of disclosure to effectuate its goal of providing "free and open examination" of public records. *Herald Ass'n v. Dean*, 174 Vt. 350, 355, 816 A.2d 469, 474 (2002); *Trombley v. Bellows Falls Union High Sch.*, 160 Vt. 101, 106, 624 A.2d 857, 861 (1993); 1 V.S.A. § 315. We have also acknowledged, however, that the public's interest in overseeing the decisions of its governmental officers must be balanced against the people's "right to privacy in their personal and economic pursuits." 1 V.S.A. § 315; *Trombley*, 160 Vt. at 109-10, 624 A.2d at 863. The interplay of these competing principles in determining the nature and scope of the Public Records Act exception for records "which by law are designated confidential," 1 V.S.A.

---

[1] The court had issued an earlier decision, concluding that four documents withheld by the City (identified as documents 16, 17, 19, and 21 in the City's index) were exempt from disclosure under the Act. That decision was appealed to this Court, but the appeal was dismissed on motion as a nonfinal judgment and the matter was remanded to the trial court to address plaintiff's additional request for documents withheld by the OCA. In its decision on remand, the trial court — as noted — denied access to the OCA documents, but reversed its earlier ruling concerning the police department records, concluding that three of the documents withheld by the City (Nos. 16, 17, and 21) must be disclosed in their entirety, and one (No. 19) must be partially disclosed. That portion of the court's ruling is not before us on appeal.

§ 317(c)(1), has not been the subject of any extensive analysis. We have made it clear, however, that § 317(c)(1) is subject to the general rule that exceptions to the Act must be construed "narrowly to implement the strong policy in favor of disclosure." *Finberg v. Murnane,* 159 Vt. 431, 436, 623 A.2d 979, 981 (1992).

¶ 5. In applying the exception for records made confidential "by law," the trial court here expressly declined to identify the statutory source of its ruling, stating that to do so "would reveal the nature of the documents" at issue and thereby frustrate the purpose of the exception. The court alluded, nevertheless, to plaintiff's assertion that Graham (the former OCA employee) had voluntarily waived any right to confidentiality by serving plaintiff "with a copy of an expungement order." The court rejected the argument, noting that the expungement order had identified only "the offense and length of sentence," and therefore "any additional information held by the CAO has not been waived." Thus, it is apparent that the criminal expungement statute underlies its finding of confidentiality. See 13 V.S.A. § 7041(b) (upon completion of terms of probation and deferred sentence agreement, record of criminal proceedings shall be expunged "pursuant to section 5538 of Title 33"); 33 V.S.A. § 5538(c) (upon entry of order sealing delinquency adjudication "the proceedings ... shall be considered never to have occurred, all index references thereto shall be deleted, and the person, the court, and law enforcement officers and departments shall reply to any request for information that no record exists with respect to such person ....").

¶ 6. The trial court's ruling presents a number of difficulties on appeal. First, even assuming that the expungement statute applies to nonlaw enforcement records in the personnel files of an employer or to information supplied to the employer by the subject of the expungement order (issues not raised by plaintiff and therefore not before us), our review of the sealed documents reveals that three of the seven (Nos. 4, 6 and 7) make no reference whatsoever to any expungement order. Indeed, the OCA's document index does not even cite § 317(c)(1) as a basis for nondisclosure of these records, relying instead on the exception set forth in § 317(c)(7) for "personal documents relating to an individual, including information in any files maintained to hire, evaluate, promote or discipline any employee of a public agency." Plainly, therefore, the exception on which the court relied provides no basis for withholding documents 4, 6, and 7.

¶ 7. Our review of the remaining documents reveals that No. 2 makes only one brief reference to an "expunged" conviction, and No. 5 similarly refers only once to an "expunged order." Neither contains any additional information about the expungement beyond that which Graham himself provided to plaintiff. Moreover, while documents 1 and 3 refer more frequently to the expungement order and provide some background information, there is no indication that the court gave any consideration to redaction of these references and disclosure of the balance of the documents. See *Dean,* 174 Vt. at 359, 816 A.2d at 477 (agency may be required to redact nonpublic information, disclose balance of records, and charge and collect cost of staff time incurred in complying with request).

¶ 8. Furthermore, although the OCA argued in the alternative that all of the documents are entirely exempt from disclosure under § 317(c)(7), the trial court engaged in no analysis and made no findings addressed to this exception. The record is clear, however, that all of the documents are contained in Graham's personnel file, that all but No. 7 pertain to disciplinary action and a grievance stemming from Graham's employment with the OCA, that No. 7 consists of a criminal records check apparently re-

quested by the OCA as an employment requirement, and that all of the documents contain information which the OCA maintains is "personal ... within the meaning of *Trombley*." In that case, we held that § 317(c)(7) does not exempt all personnel records, but only those "personal" documents which reveal "'intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.'" *Trombley*, 160 Vt. at 110, 624 A.2d at 863 (quoting *Young v. Rice*, 826 S.W.2d 252, 255 (Ark. 1992)). We also held that the individual's interest in personal privacy must be balanced against "the public interest in disclosure." *Id.*

¶ 9. Whether public records relating to disciplinary action, performance evaluations, or employee grievances contain "personal" information within this exception is a fact-specific determination, although we note that many courts have held that such records may contain highly personal, embarrassing information exempt from disclosure. For example, in *Young*, 826 S.W.2d at 255, cited with approval in *Trombley*, the court found that records pertaining to a candidate's performance on a police lieutenant's examination contained information that "could subject the candidates to embarrassment and could perhaps threaten their future employment," and therefore were exempt from disclosure. Numerous courts have held, similarly, that employment performance evaluations or disciplinary records, even if favorable, may be "highly offensive" and therefore properly withheld. *Dawson v. Daly*, 845 P.2d 995, 1003-04 (Wash. 1993); accord *Chairman, Criminal Justice Comm'n v. Freedom of Information Comm'n*, 585 A.2d 96, 100 (Conn. 1991) (disclosure of performance evaluation of state's attorney "would carry significant potential for embarrassment" and therefore was not compelled under public records act); *Bradley v. Bd. of Educ. of*

*Saranac Cmty. Schs.*, 565 N.W.2d 650, 660 (Mich. 1997) (Boyle, J., concurring) ("Without question, performance evaluations, disciplinary actions, and complaints about public employees are personal in nature."); *State ex rel. Newsome v. Alarid*, 568 P.2d 1236, 1240 (N.M. 1977) ("documents concerning infractions and disciplinary action" could be "seriously damaging to an employee" and therefore are exempt from disclosure); *Pawtucket Teachers Alliance v. Brady*, 556 A.2d 556, 559 (R.I. 1989) (state public records statute exempts from disclosure personnel "information highly personal in nature, such as work-performance evaluations, past criminal convictions, and employment-related disciplinary matters").

¶ 10. Although in cases such as these the trial court may need to be circumspect in its findings, it is nevertheless obligated "to make all findings necessary to support its conclusions, resolve the issues before it, and provide an adequate basis for appellate review." *Sec'y, Agency of Natural Res. v. Irish*, 169 Vt. 407, 419, 738 A.2d 571, 580 (1999).[2] That did not occur here. As noted, the court erroneously applied § 317(c)(1) to document Nos. 4, 6, and 7, neglected to consider redaction as an alternative to nondisclosure of the remaining documents, and failed to address the OCA's claim that § 317(c)(7) exempted all seven documents in their entirety from disclosure under the Act. Accordingly, we are compelled to reverse the judgment and remand the matter for further findings and analysis.

---

[2] Another option available to the court to maintain confidentiality while simultaneously providing a decision adequate for purposes of review is to issue a general order setting forth its conclusions and a separate decision under seal setting forth its specific factual findings. *In re Sealed Documents*, 172 Vt. 152, 162-63, 772 A.2d 518, 527-28 (2001).

*Reversed and remanded for further proceedings consistent with the views expressed herein.*