2013 VT 98



Rutland Herald v. City of Rutland
and AFSCME Council 93, Local No. 1201 (2012-368)

 

2013 VT 98

 

[Filed 11-Oct-2013]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by
mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont
05609-0801, of any errors in order that corrections may be made before this
opinion goes to press.

 

 


 2013 VT 98
 
  


 No. 2012-368
 
  


 Rutland Herald 
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Rutland Unit,
 
 
  
 
 
 Civil Division
 
 
  
 
 
  
 
 
 City of Rutland and AFSCME
 Council 93, Local No. 1201
 
 
 May Term, 2013
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 William
 D. Cohen, J.
 
  

Robert B. Hemley and Matthew B.
Byrne of Gravel & Shea, PC, Burlington, for 

  Plaintiff-Appellee.

 

Andrew Costello, Office of City Attorney, Rutland, for
Defendant-Appellant.

 

 

PRESENT:   Reiber, C.J.,
Dooley, Skoglund and Burgess, JJ.,
and Zonay, Supr. J.,

                    
Specially Assigned

 

 

¶ 1.            
BURGESS, J.   The City of Rutland appeals from the
trial court’s order, on remand, directing it to disclose certain records under
the Vermont Public Records Act (PRA), 1 V.S.A. §§ 315-320.  The
records concern several Rutland Police Department (RPD) employees who were
investigated and disciplined for viewing and sending pornography on work
computers while on duty.  The City argues that the trial court erred in
evaluating the privacy interests at stake and concluding that the “personal
records” exemption, 1 V.S.A. § 317(c)(7), did not
apply.  We affirm.

¶ 2.            
As recounted in our initial opinion, Rutland Herald v. City of
Rutland, 2012 VT 26, 191 Vt. 387, 48 A.3d 568, the Rutland Herald learned
via a 2009 search warrant that Rutland Police Department computers had been
used to view and store pornography.  As part of its investigation, the
Herald requested records from the City, including: the complete record of a
2004 internal investigation into RPD Employee #1’s alleged viewing of
pornography at work, as well as letters from the police chief relating the
employee’s status pending completion of the investigation and then imposing
discipline following the investigation; similar materials from a 2010
investigation involving RPD Employee #2; materials related to a 2010
investigation of RPD Employee #3 for viewing pornography at work; and materials
concerning the imposition of discipline in 2007 against two employees of the
Department of Public Works (DPW) for violating the City’s internet usage
policy.  

¶ 3.            
The trial court reviewed these records in camera and, in a September
2010 decision, ordered their release with certain redactions.  The trial
court rejected the City’s contention that the documents were exempt from
disclosure under 1 V.S.A. § 317(c)(5), which applies
to “records dealing with the detection and investigation of crime,” or under 1
V.S.A. § 317(c)(7), which excludes  “personal documents relating to
an individual.”  On appeal, we affirmed the trial court’s decision as to
the records concerning the DPW employees.  We reversed and remanded as to
the remaining records, concluding that the trial court needed to assess, as a
threshold matter, if the records dealt with “the detection and investigation of
crime” under § 317(c)(5).  Because no final
determination had yet been made as to the applicability of this exemption, we
found it premature to address whether these documents would fall within 1
V.S.A. § 317(c)(7).  

¶ 4.            
Following an evidentiary hearing on remand, the court concluded in
September 2012 that certain documents were exempt from disclosure under 1
V.S.A. § 317(c)(5), while other documents, including the records at issue here,
were not.  The court’s 2012 decision left in place its earlier September
2010 ruling that these records were not exempt under 1 V.S.A.
§ 317(c)(7).  

¶ 5.            
Section 317(c)(7) exempts from public disclosure “personal documents
relating to an individual, including information in any files maintained to
hire, evaluate, promote or discipline any employee of a public agency,
information in any files relating to personal finances, medical or
psychological facts concerning any individual or corporation.”  We have
construed the term “personal documents” to apply “only when the privacy of the
individual is involved.”  Rutland Herald, 2012 VT
26, ¶ 39.  More specifically, “the exception applies only to those
documents that reveal intimate details of a person’s life, including any
information that might subject the person to embarrassment, harassment,
disgrace, or loss of employment or friends.”  Kade v. Smith, 2006
VT 44, ¶ 8, 180 Vt. 554, 904 A.2d 1080 (mem.)
(quotation omitted).

¶ 6.            
In applying § 317(c)(7), the trial court must
“balance the public interest in disclosure against the harm to the
individual.”  Rutland Herald, 2012 VT 26, ¶ 11. 
In doing so, it

must
consider not only the relevance, if any, of the records to the public interest
for which they are sought, but any other factors that may affect the balance,
including: the significance of the public interest asserted; the nature,
gravity, and potential consequences of the invasion of privacy occasioned by
the disclosure; and the availability of alternative sources for the requested
information.  

 

Kade, 2006 VT 44, ¶ 14. 


¶ 7.            
The trial court applied these standards in reaching its conclusion as to
§ 317(c)(7).  It found the records highly
relevant to the public’s interest in determining if the police department
followed its own internal investigation procedure, and if it properly decided
whether to conduct criminal investigations of its own employees.  The
court found that the public had a significant interest “ ‘in learning about the
operations of a public agency, the work-related conduct of public employees, in
gaining information to evaluate the expenditure of public funds, and in having
information openly available to them so that they can be confident in the
operation of their government.’ ”  (Quoting City of Baton Rouge/Parish
of E. Baton Rouge v. Capital City Press, L.L.C., 4 So. 3d
807, 821 (La. Ct. App. 2008) (citations omitted).)  It emphasized
that the public should be allowed to scrutinize “ ‘both
the activity of public employees suspected of wrongdoing and the conduct of
those public employees who investigate the suspects.’ ” 
(Quoting id.)  

¶ 8.            
The court found the privacy interests at stake much less
compelling.  It rejected the City’s assertion that the records should be
exempt because they would reveal “information that might subject the
[employees] to embarrassment, harassment, disgrace, or loss of employment or
friends.”  (Quoting Kade,
2006 VT 44, ¶ 8.)  The court explained that the “personal
documents” exception under § 317(c)(7) must be
narrowly construed “to apply only when the privacy of the individual is involved,”
and it applied only to those “intimate details of a person’s life.”  (Quoting Kade, 2006 VT 44, ¶ 8.) 
The court found that the employees here had little expectation that their
actions or identities would remain private when they viewed and sent
pornography on public computers while on duty as public employees.  These
were not intimate details of a person’s life.  The court therefore found
little, if any, privacy interest involved.  

¶ 9.            
In assessing the interests at stake, the court did not find redaction of
the employees’ identities or suspension dates warranted.  It stated that
the public had a significant interest in learning the suspension dates to
review if the police department actually suspended the employees, how long the
investigations took, and how soon the employees were suspended after the
findings of misconduct.  The court found this information vital to the
public’s ability to scrutinize both the employees’ behavior and the management’s
response to that behavior.  Additionally, the court found that redacting
the employees’ names would cast suspicion over the whole department and
minimize the hard work and dedication shown by the vast majority of the police
department.*  

¶ 10.         Finally,
the court found no alternative sources for the information.  Thus, in
balancing the interests in privacy and disclosure under the considerations
identified in Kade, the court concluded that
the interest in disclosure heavily outweighed any privacy interests that the
employees had in their actions and identities.  

¶ 11.         Challenging
this decision on appeal, the City reiterates that the records should be exempt
under § 317(c)(7) because their disclosure would
subject the employees to embarrassment, harassment and disgrace, and possibly
to lost friendships.  The City also argues that the court erred in finding
that its employees had no privacy interest in viewing pornography at
work.  It maintains that the employees must have some expectation of
privacy while performing “work related functions,” whether allegedly improper
or not, because otherwise, there would be no need for a balancing test. 
If this Court does order the release of these documents, the City argues that
redaction of any names or identifying information is appropriate.  

¶ 12.         At
the outset, we emphasize that “the policy underlying the PRA clearly favors the
right of access.”  Kade, 2006 VT 44, ¶ 7.  As the Legislature has expressly
stated:  

It
is the policy of [the Public Records Act] to provide for free and open
examination of records consistent with Chapter I, Article 6 of the Vermont
Constitution.  Officers of government are trustees and servants of the
people and it is in the public interest to enable any person to review and
criticize their decisions even though such examination may cause inconvenience
or embarrassment.  All people, however, have a right to privacy in their
personal and economic pursuits, which ought to be protected unless specific
information is needed to review the action of a governmental officer. 

 

1 V.S.A. § 315.  Mindful of these principles, we
construe PRA exemptions strictly against the records custodian, and we resolve
any doubts in favor of disclosure.  Kade, 2006 VT 44, ¶ 7.  

¶ 13.         We
review the trial court’s balancing of the relevant interests under § 317(c)(7) for abuse of discretion.  Rutland
Herald, 2012 VT 26, ¶ 41.  We find no abuse of discretion
here.  In reaching our conclusion, we need not decide precisely what
privacy interest, if any, employees have in viewing and emailing pornography at
work.  Assuming that the employees have some privacy interest at stake, we
agree with the trial court that it is heavily outweighed by the public interest
in disclosure.  

¶ 14.         As
the trial court found, there is a significant public interest in knowing how
the police department supervises its employees and responds to allegations of
misconduct.  This is particularly true given the repeated instances of
similar misconduct within the police department over a five-year period, as
well as the apparent scope of the misconduct.  Internal investigation
records reveal that one employee downloaded between 5,000 to 10,000
pornographic images onto his work computer, including possible child
pornography, and an investigator estimated that it would take one week of
constant viewing to review all of these images.  

¶ 15.         We
alluded to the important public interests at stake in our prior opinion, albeit
in the context of a different exemption.  See id. ¶ 34 (recognizing that disclosure of certain police department
records “may promote the Legislature’s desire for accountability to the public
through knowledge of how and how well the police department manages its
employees”).  As we suggested there, the internal investigation
records and related material will allow the public to gauge the police
department’s responsiveness to specific instances of misconduct; assess
“whether the agency is accountable to itself internally, whether it challenges
its own assumptions regularly in a way designed to expose systematic infirmity
in management oversight and control; the absence of which may result in
patterns of inappropriate workplace conduct.”  Id.  

¶ 16.         The
privacy interests at stake are far less weighty.  Certainly, one cannot
reasonably expect a high level of privacy in viewing and sending pornography on
work computers while on duty at a public law enforcement agency.  To the
extent that such activities are considered a “personal pursuit,” the purported
claim to privacy in exclusively personal pursuits enjoyed at public expense on
public time is one of those situations where, as recognized by the Legislature,
the employee’s right to privacy must properly give way to the public’s need for
the information “to review the action of a governmental officer.”  1 V.S.A. § 315.  This is not a personnel matter
where the officers’ execution of duty is called into question or subject to
disciplinary correction; it is instead a matter of a personal frolic entirely
unrelated to the officers’ jobs except for the coincidence that it occurred on
public time with public property.  

¶ 17.         Under
these circumstances, we find no basis to order the trial court to redact
personally identifying information concerning the two employees.  The
trial court identified compelling reasons for its initial decision not to
redact this information and its conclusion was within its discretion. 
See, e.g., Ball v. Melsur Corp., 161 Vt. 35,
40, 633 A.2d 705, 710 (1993) (holding that this Court will disturb trial
court’s discretionary rulings “only if there has been an abuse of discretion,
that is, if the record reveals no reasonable basis for the decision”).  As
stated above, the court found information about the investigations, including
the penalties imposed, to be vital to the public’s ability to scrutinize both
the employees’ behavior and the management’s response to that behavior. 
Additionally, it found that redacting the employees’ names would cast suspicion
over the whole department and minimize the hard work and dedication shown by
the vast majority of the police department.  Given the minimal privacy
interests at stake, and the weighty public interest in disclosure, we agree
with the trial court that the balancing of relevant interests favors disclosure
of these documents without the need for redaction of the employees’ personally
identifying information.  

¶ 18.         The
City’s arguments do not persuade us otherwise.  In support of its
assertion that the privacy interests at stake outweigh the public interest in
disclosure, the City points to out-of-state cases cited in Norman v. Vermont
Office of Court Administrator, 2004 VT 13, ¶ 9, 176 Vt. 593, 844 A.2d
769 (mem.).  It maintains that these
out-of-state courts withheld documents containing “much less salacious”
information than that at issue here.  The cases are not compelling
authority, and Norman does not require a different result. 

¶ 19.         In Norman,
we did not reach the issue of whether documents relating to disciplinary
action, grievances, and a criminal records check contained in an employee’s
personnel file were exempt under § 317(c)(7).  Instead, we reversed
and remanded a trial court decision that failed to make findings on the
applicability of this exemption.  We emphasized that determining whether
such records contained “personal information” presented a fact-specific
inquiry, and noted that “many courts have held that such records may contain highly
personal, embarrassing information exempt from disclosure.”  Id. ¶ 9.  The references to out-of-state
cases were dicta; our holding indicated that each case must be decided on its
own facts.  It is not clear what public interest was sought to be served
by disclosure of the employee’s records in Norman.  There is a
significant public interest at stake in the instant case, however, one that
outweighs any potential invasion of privacy.  Our holding here is
consistent with Norman.  

¶ 20.         The
City also cites Kade, 2006 VT 44, arguing that
both cases involve similarly embarrassing records, disclosure of which might
undermine the employees’ ability to perform their jobs.  In Kade, the plaintiff sought to compel disclosure of
four performance evaluations of the superintendent of a correctional
facility.  The plaintiff sought the records to discern whether the
superintendent was negligent or had otherwise engaged in improprieties that
might have contributed to the deaths of seven Vermont inmates.  An
investigative report suggested that this was the case.  The trial court
found that the evaluations, which by their nature dealt with general
performance rather than specific incidents, would not significantly advance the
public interest.  It thus found that the balance tipped in favor of
nondisclosure.  

¶ 21.         We
reversed and remanded, concluding that the court needed to review the documents
in camera before it could determine if their disclosure would advance the
asserted public interest.  In reaching our conclusion, we stated that the
performance evaluations contained “precisely the sort of information that we
have recognized as falling within the personal-documents exception.”  Id. ¶ 11.  At the same time, we found it
reasonable to believe that the performance evaluations “might shed light on the
quality and extent of the DOC’s supervision of [the superintendent], on its
expectations of superintendents generally, and on the overall level of
accountability within the DOC.”  Id. ¶ 13. 
We thus directed the trial court on remand to examine the documents and balance
the interests in privacy and disclosure.  

¶ 22.         Kade supports our conclusion here.  Even
assuming, as we have, that the records in the instant case contain “personal
information” that falls within § 317(c)(7), there
remains a balancing test to be conducted.  We recognized in Kade that there may be a broad public interest
served by the release of documents that contain “personal information.”
 That is precisely the conclusion we reach here.  As set forth above,
given the significant public interest at stake, the balance here tips in favor
of disclosure.  

Affirmed.

 

 

 


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice
 
  











*  As stated, in
its initial decision, the court did not order redaction of the employees’
identities and suspension dates, but indicated that it would redact any
information regarding uninvolved citizens, confidential complaining witnesses,
and family members of the employees.  The court also proposed to redact
all personal information such as any medical information, home addresses,
telephone numbers, social security numbers, drivers’ license numbers, employee
identification numbers, dates of birth, and email addresses.  

 

In its order on remand, the court indicated that the
records related to employee #1 were also subject to additional redactions, if
necessary, of all personally identifying information as well as redactions of
the dates of suspension.