NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 47

No. 2017-282

| | |
|---|---|
| Katherine Heffernan | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| State of Vermont | January Term, 2018 |

Mary Miles Teachout, J.

Pietro J. Lynn and Adrienne Shea of Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, for
  Plaintiff-Appellant.

Thomas J. Donovan, Jr., Attorney General, and David R. Groff, Assistant Attorney General,
  Montpelier, for Defendant-Appellee.


PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.     **CARROLL, J.**  Katherine Heffernan appeals the trial court's decision dismissing her complaint, which sought indemnification from the State on a default judgment she obtained against a state employee and which claimed that the State is vicariously liable for the employee's conduct.  For the reasons set forth below, we affirm the trial court's decision to dismiss Heffernan's action.

¶ 2.     Heffernan was an inmate at Chittenden County Correctional Facility (CCCF) during May 2013.  At the time, Tracy Holliman was employed by the State as a corrections officer at CCCF.  In 2015, after her release, Heffernan filed a civil complaint against Holliman individually, alleging that he engaged in unlawful sexual misconduct with her at CCCF during his

normal working hours. More specifically, Heffernan alleged that Holliman "used his authority to groom [her] and to bribe her in order to obtain sexual favors" and "used his authority to arrange for [Heffernan] to be in locations where he could, without being seen, engage in sexual contact." Heffernan's complaint further alleged that Holliman's conduct "constituted a common law assault and battery" as well as a violation of 42 U.S.C. § 1983 and stated that "[i]t was both unlawful and a violation of policy for guards to have sexual contact with prisoners at CCCF." The complaint did not name the State as a defendant.

¶ 3. Heffernan notified the State of her suit against Holliman to allow it the opportunity to defend Holliman. The State reviewed Heffernan's complaint pursuant to 3 V.S.A. § 1101(a), which provides in relevant part that:

> In any civil action against a State employee for alleged damage, injury, loss, or deprivation of rights arising from an act or omission to act in the performance of the employee's official duties, it shall be the obligation of the State to defend the action on behalf of the employee and to provide legal representation for that purpose at State expense, except to the extent that such representation is provided by an insurance carrier . . . .

The State determined that the acts alleged by Heffernan were outside the scope of Holliman's official duties and that, therefore, the State did not have a duty to defend Holliman against Heffernan's action. Heffernan, unable to locate Holliman to make service of process, eventually served Holliman through process by publication. Heffernan notified the State that she had served Holliman, and the State again declined to take any action. Holliman did not appear or offer any defense in Heffernan's suit, and the trial court eventually issued a default judgment against him. The court subsequently held a hearing on damages and awarded Heffernan both punitive and compensatory damages.

¶ 4. After the court awarded her damages, Heffernan filed a complaint against the State, alleging that the State was required to indemnify her default judgment against Holliman and that it was vicariously liable for Holliman's actions. The State moved to dismiss Heffernan's complaint

2

under Vermont Rule of Civil Procedure 12(b) for lack of jurisdiction and failure to state a claim. Regarding Heffernan's argument in favor of indemnification, the State argued that Heffernan did not have standing to challenge the State's 2015 decision not to defend Holliman; the statute provided the sole means to challenge the State's nondefense decision, which it submitted was correct; and Heffernan's action against the State did not comply with that statutory procedure. Finally, the State argued that the indemnification statute did not apply because Holliman's conduct involved gross negligence or willful misconduct. Regarding Heffernan's vicarious liability argument, the State argued that it was immune from suit for two reasons; first, because the State retained sovereign immunity and, second, because the alleged conduct occurred outside the scope of Holliman's employment.

¶ 5. In response, Heffernan argued that the State could be held liable for the judgment against Holliman because Vermont caselaw and agency decisions should be interpreted to place the State in the position of an insurer for purposes of 3 V.S.A. § 1101's indemnification obligation. Heffernan further argued that the State's decision not to defend Holliman was incorrect, suggesting that the State had failed to follow statutory requirements regarding that decision such that the State waived any argument that it had no duty to indemnify Holliman. She further contended that sovereign immunity did not bar Heffernan's claim because the actions underlying the default judgment occurred during the hours of Holliman's employment and commission of that activity was aided by Holliman's employment as a corrections officer.

¶ 6. The trial court dismissed both Heffernan's indemnity and vicarious liability claims. Regarding the indemnity claim, the court explained that pursuant to statute, an indemnification obligation arises only when the State defends an employee. Here, the State declined to defend Holliman, and absent exhaustion of a challenge to that decision before the Vermont Labor Relations Board, Heffernan could not argue in the superior court that the State's indemnification decision was incorrect. Regarding the vicarious liability claim, the court explained that "[e]ven if

3

Mr. Holliman's conduct could be treated as within the scope of his employment, there is no reasonable way to characterize the allegations of sexual assault in [Heffernan's 2015] complaint as something other than assault and battery." Pursuant to 12 V.S.A. § 5601(e)(6), the court explained, the State retains sovereign immunity to claims of assault and battery and, thus, the nature of Heffernan's claims against Holliman precluded the State's vicarious liability in this case. This appeal followed.

¶ 7. "We review decisions on a motion to dismiss de novo under the same standard as the trial court and will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420, 115 A.3d 1009 (quotation omitted). According to this standard, we assume that the facts as pleaded in the complaint and any reasonable inferences from those facts are true, and that any contrary assertions in the defendant's pleadings are false. Id. Our decision in this case turns on our interpretation of the relevant statutes. As a question of pure law, our interpretation of a statute is de novo. State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt. 24, 38 A.3d 1129. Statutory interpretation begins with the plain language of a statute, and, if the language in question is clear, our analysis ends there. State v. Thompson, 174 Vt. 172, 175-76, 807 A.2d 454, 458 (2002).

¶ 8. Heffernan raises essentially the same arguments on appeal as those raised in response to the State's motion to dismiss in the trial court—that the State is obligated to indemnify Holliman for the judgment obtained against him and that the State is vicariously liable for Holliman's conduct against Heffernan. While Heffernan presents complex arguments, our decision regarding both of her theories of State liability is controlled by the plain language of Vermont's statutory scheme concerning each issue.

¶ 9. We begin with Heffernan's indemnification argument, which focuses primarily on her position that the State incorrectly declined to represent Holliman in Heffernan's initial action

4

against him. Accordingly, she argues that Holliman committed assault while acting within the scope of his official capacity and that 3 V.S.A. § 1101(a), quoted above, required the State to defend Holliman and, thus, to indemnify her.

¶ 10. In this case, we need not resolve the scope of an employee's official duties for purposes of deciding the State's obligation to defend and indemnify. Heffernan is correct that Vermont's Tort Claims Act provides for State indemnification of an employee defended pursuant to § 1101. 12 V.S.A. § 5606(a). Section 5606 does not, however, extend blanket indemnification regarding any and all offenses even when the Attorney General defends a state employee pursuant to § 1101. Rather, indemnification is limited. Specifically, "no indemnification shall be paid . . . for a judgment or settlement which results from . . . gross negligence or willful misconduct." 12 V.S.A. § 5606(c)(1).

¶ 11. Heffernan's complaint against Holliman alleged that he committed "common law assault and battery." This allegation rests on Heffernan's claims that Holliman used his official authority to "groom [Heffernan] and to bribe her in order to obtain sexual favors," and that he "used his authority to arrange for [Heffernan] to be in locations where he could, without being seen, engage in sexual contact." Thus, while Heffernan's complaint nominally alleges simply assault and battery, the underlying conduct alleged is sexual assault—an act of willful misconduct. And accordingly, even if the Attorney General had defended Holliman pursuant to § 1101(a), the State would not be obligated to indemnify Holliman for the judgment Heffernan obtained against him for the conduct Heffernan alleged in her complaint.

¶ 12. Vermont's Tort Claims Act likewise bars Heffernan's vicarious liability claim. The relevant statute provides that the State shall be generally "liable for injury to persons or property or loss of life caused by the negligent or wrongful act or omission of an employee of the State while acting within the scope of employment." 12 V.S.A. § 5601(a). But this general liability is limited: among other enumerated limitations, the State is not liable for "[a]ny claim arising out of

5

alleged assault [or] battery." Id. § 5601(e)(6). As noted above, Heffernan's complaint against Holliman alleged that he committed "common law assault and battery." Pursuant to the clear limitations on liability in Vermont's Tort Claims Act, the State retains sovereign immunity relative to the actions alleged in Heffernan's complaint.

¶ 13. Given our conclusion above, we need not address Heffernan's remaining arguments regarding either indemnification or vicarious liability.

Affirmed.

FOR THE COURT:

Associate Justice