NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 113

No. 2018-045

In re Ahmed M. Hamid-Ahmed

Original Jurisdiction

Board of Bar Examiners

September Term, 2018

Keith Kasper, Chair

Ahmed M. Hamid-Ahmed, Pro Se, Philadelphia, Pennsylvania, Petitioner-Appellant.

Thomas J. Donovan, Jr., Attorney General, and Eleanor L.P. Spottswood, Assistant Attorney General, Montpelier, for Respondent-Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **SKOGLUND, J.** Applicant, Ahmed M. Hamid-Ahmed, appeals a decision of the Vermont Board of Bar Examiners (Board) denying his application to take the Vermont bar exam. Because appellant does not meet the requirements outlined in the Vermont Rules of Admission to the Bar, we affirm.

¶ 2. No material facts are in dispute. Applicant has a bachelor's degree with a major in criminal justice and a Master of Laws degree (LLM) from Widener University School of Law. However, he does not have a Juris Doctor (JD) or a substantially equivalent law degree from a foreign or domestic non-approved law school, he has not enrolled in a law office study program, and he has not been admitted to any other bar, foreign or domestic. Despite this, applicant argues that he is eligible to take the bar exam under Vermont Rule of Admission to the Bar 8(c)(4)'s

"curing provision" by virtue of his LLM. He further argues that the Board violated his due process rights when it denied his application but did not explicitly notify him of the process for appealing that decision to this Court.

¶ 3. The Vermont Rules of Admission to the Bar lay out three ways an applicant can satisfy the educational requirements necessary to be eligible to sit for the bar exam: (a) graduate from an approved law school, (b) complete the Law Office Study Program, or (c) graduate from a non-approved law school, if the equivalency requirements of Rule 8 are met. V.R.A.B. 6. Rule 8 outlines the differing requirements when the non-approved law school is within the United States and outside the United States.

¶ 4. If an applicant is a graduate from a foreign, non-approved law school, they must meet the requirements of both Rule 8(b)(1) and (b)(2). Subsection (b)(1) requires the applicant to establish that "he or she has . . . completed a legal education at a Foreign Law School whose curriculum provided training in a system based on the common law of England and that is otherwise equivalent to graduation from an Approved Law School, as determined by the equivalency determination process." And, subsection (b)(2) requires the applicant to have "been admitted to the bar of a court of general jurisdiction in the country in which the Applicant attended the Foreign Law School and [to have] maintained good standing in that bar or resigned from that bar while still in good standing."

¶ 5. Subsection (c) of Rule 8, titled "Equivalency Determination Process" and referenced in Rule 8(b)(1), outlines the requirements an applicant must meet to show that their graduation from a non-approved law school satisfies the educational requirements. Within this subsection, there is a "Cure Provision," which provides that "[a]pplicants who do not meet the requirements of paragraph (b)(1) of this rule, may cure deficiency by obtaining an LLM degree . . . at an Approved Law School in the United States." V.R.A.B. 8(c)(4).

2

¶ 6.     Applicant urges this Court to adopt a broad reading of Rule 8(c)(4) to make the curing provision applicable to everyone with an LLM applying to sit for the Vermont bar exam, regardless of their legal educational and professional background.  This interpretation is contrary to the most basic principles of statute and rule interpretation.

¶ 7.     It is an essentially universal practice to interpret rules, regulations, and statutes based on the plain meaning of the language when read in context of the text as a whole.  City of Burlington v. Dep't of Emp't & Training, 148 Vt. 151, 154, 530 A.2d 573, 575 (1987) (explaining that court must interpret statute as whole "and if possible, give effect to every word, clause, and sentence." (quotation omitted)).  And, if the plain meaning is clear on the face of the rule, it must be enforced as such.  See e.g., Heffernan v. State, 2018 VT 47, ¶ 7, __ Vt. __, 187 A.3d 1149 (noting that "interpretation begins with the plain language" and "if the language in question is clear," analysis ends).

¶ 8.     Based on the plain meaning of its terms, Rule 8(c)(4) allows those who graduated from a foreign law school to "cure" the shortcomings of their foreign law degree, which has provided inadequate preparation to practice law in Vermont either because the degree was not based on the common law of England or did not meet the other equivalency requirements set forth in Rule 8(c)(1)-(3).  To cure a shortcoming in foreign law degree, an applicant must have a foreign law degree and must also meet the other requirements of Rule 8(b).  Here, applicant does not deny that he does not have a foreign law degree and that he has not been admitted to another bar, either foreign or domestic.  Applicant's proposed interpretation of Rule 8(c)(4) is untenable when the plain language is read in the context of Rule 8 and the remainder of the Vermont Rules of Admission to the Bar, and thus the Board properly rejected it and denied applicant's application to take the bar exam.

¶ 9.     Next, applicant argues that the Board violated his due process rights when it denied his application but did not explicitly notify him of the process for appealing that decision to this

3

Court.  This Court has consistently held that "a party's failure to present any substantive analysis or argument on . . . constitutional issues constitutes inadequate briefing, which we [will] decline to address."  Trudell v. State, 2013 VT 18, ¶ 30, 193 Vt. 515, 71 A.3d 1235 (declining to address appellant's argument because it consisted of one citation to case law with no explanation or supporting analysis); V.R.A.P. 28.  And although we find applicant's briefing insufficient, we nevertheless briefly address and dismiss his argument.  Because applicant suffered no prejudice from the Board's failure to inform him of the appellate procedures—he timely appealed to this Court and we have rendered judgment on the merits—any alleged error resulting from the Board's lack of notice was harmless and therefore does not warrant reversal.  Parker v. Hoefer, 118 Vt. 1, 10-11, 100 A.2d 434, 441 (1953) ("[E]rror works a reversal only when the record satisfies the court that the rights of the excepting party have been injuriously affected thereby.  And he who alleges error has the burden of showing that he has been prejudiced thereby." (citations omitted)).

Affirmed.

FOR THE COURT:

_____

Associate Justice