NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 56

No. 2018-278

| | |
|---|---|
| Jacob Oblak | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| University of Vermont Police Services | May Term, 2019 |

Robert A. Mello, J.

Jacob Oblak, Pro Se, Essex Junction, Plaintiff-Appellant.

Sharon Reich Paulsen, General Counsel, and Meghan E. Siket, Associate General Counsel,
 Office of General Counsel University of Vermont, Burlington, for Defendant-Appellee.

PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.     **SKOGLUND, J.**  Petitioner, Jacob Oblak, sought an order from the Civil Division of the Superior Court compelling the University of Vermont Police Services (UVM Police Services) to provide him with a copy of an affidavit of probable cause after UVM Police Services denied his initial direct request for documents.[1]  The Civil Division of the Superior Court upheld the denial of petitioner's request and dismissed his complaint.  We reverse and remand.

---

[1]  In a parallel matter, petitioner sought the same affidavit of probable cause, which had been filed in the court, from the Criminal Division of the Superior Court and was denied.  In re Affidavit of Probable Cause, 2019 VT 43, ¶ 1, __Vt __, __A.3d__.  In that case, we reversed and remanded the matter to the trial court to consider exceptions to the general ban on disclosure, as reflected in Public Access to Court Records Rule 7.  Id. ¶ 14.

¶ 2.     In October 2017, UVM Police Services, a fully-certified police agency in Vermont, issued a criminal citation for disorderly conduct to an adult, W.R.  The Criminal Division of the Superior Court found no probable cause for the charge and closed the case.  Although the case was closed, it garnered significant public attention.

¶ 3.     On March 12, 2018, petitioner requested a copy of the affidavit of probable cause from UVM Police Services pursuant to Vermont's Access to Public Records Act (the PRA), 1 V.S.A. §§ 315-19.  Section 317(c)(5)(B) of the PRA states that "records reflecting the initial arrest of a person, including any ticket, citation, or complaint issued for a traffic violation, . . . and records reflecting the charge of a person shall be public."  Petitioner limited his request to "the record . . . reflecting the initial arrest of a person per 1 V.S.A. § 317(c)(5)(B)."

¶ 4.     UVM Police Services denied access, stating that the "incident remain[ed] an open investigation within UVM Police Services, and the Superior Court, by not finding probable cause, has sealed all records related to possible charges asserted to date."  Petitioner exhausted his administrative remedies, pursuant to 1 V.S.A. § 318, and appealed the denial to the Civil Division. In his complaint, petitioner asked the court to: declare that the affidavit of probable cause is a public record and is not subject to the exemptions found in the PRA; order UVM Police Services to release the affidavit in its entirety or in redacted form; and award him all costs and attorney's fees as provided under 1 V.S.A. § 319(d).

¶ 5.     UVM Police Services filed a motion to dismiss pursuant to Vermont Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.  The PRA provides generally that "[a]ny person may inspect or copy any public record of a public agency."  Id. § 316(a).  The PRA then explains that there are exceptions to this broad grant of access. Id. § 317(c).  In its motion to dismiss, UVM Police Services relied on § 317(c)(1), which exempts from public inspection and copying "[r]ecords which by law are designated confidential or by a similar term," and claimed that the records sought are made confidential under Vermont Rule for

Public Access to Court Records (PACR) 6(b)(24).[2]  PACR Rule 6(b)(24) states: "The public shall not have access to the following judicial branch records: . . . Records filed in court in connection with the initiation of a criminal proceeding, if the judicial officer does not find probable cause to believe that an offense has been committed and that defendant has committed it."  Petitioner, on the other hand, argued that PACR Rule 6(b)(24), by its express terms, applies only to court records and therefore cannot be considered as a law designating the records of executive-branch agencies as confidential for purposes of the exemption contained in § 317(c)(1) of the PRA.

¶ 6.  The trial court concluded that petitioner was not entitled to access the affidavit under the PRA because it was made confidential pursuant to PACR Rule 6(b)(24).  The court reasoned that the affidavit of probable cause is a record filed in court in connection with the initiation of a criminal proceeding and, because that proceeding was dismissed for lack of probable cause, it fell within the PRA exemption.  The court noted that, according to the Reporter's Notes for PACR Rule 6, no statute or rule restricts public access to such records, but rather the rule reflected this Court's policy determination that such records should not be open to the public when probable cause is not found.  The court wrote "[t]he clear purpose of the rule is to protect the privacy rights of those who have been accused of a crime without probable cause to support the accusation."  Concluding that the affidavit of probable cause was exempt from public disclosure, the court granted UVM Police Services' motion to dismiss, which petitioner appeals here.

¶ 7.  "We review decisions on a motion to dismiss de novo."  Heffernan v. State, 2018 VT 47, ¶ 7, 207 Vt. 340, 187 A.3d 1149 (quotation omitted).  Using "the same standard as the trial court," this Court "will uphold a motion to dismiss for failure to state a claim only if it is beyond

---

[2]  On May 1, 2019, this Court promulgated amended Rules for Public Access to Court Records, which went into effect on July 1, 2019.  The rules cited in this opinion refer to those in effect prior to the amendment.  While the numbers and text of the rules have changed, the substance of the applicable rules has not.

doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Id. (quotation omitted).

¶ 8. In this case, the agency, UVM Police Services, withheld the affidavit because it believed it confidential pursuant to a court rule. The issue is whether PACR Rule 6(b)(24)—which denies public access to an affidavit of probable cause where no probable cause is found contingent on a PACR Rule 7 analysis—creates "[r]ecords which by law are designated confidential or by a similar term," and are thus exempted from public access under § 317(c)(1) of the PRA. Put another way, may UVM Police Services rely on a policy decision expressed in the Vermont Rules for Public Access to Court Records to deny access to an affidavit that arguably is merely an agency record reflecting the initial arrest and charge of a person, neither of which are protected by the PRA? See 1 V.S.A. § 317(c)(5)(B). We answer the question posed in the negative.

¶ 9. We recently discussed the distinction between the PACR Rules and the PRA in In re VSP-TK / 1-16-18 Shooting, 2019 VT 47, ¶¶ 10-18, __Vt.__, __A.3d__. We clarified that "[r]equests to courts for public access to case records should be evaluated under the Vermont Rules for Public Access to Court Records" while agency records are subject to the PRA. Id. ¶¶ 13-14. We noted that "the Court adopted the PACR Rules for judiciary records generally, including case records in particular," id. ¶ 15, while the "constitutional predicate the Legislature invoked in enacting the PRA is directed solely at the Legislative and Executive branches." Id. ¶ 17 (citing Vt. Const. ch. I, art. 6). Therefore, we must determine if the record sought by petitioner is a court record subject to PACR or a public record subject to the PRA.

¶ 10. Our case law helps clarify this distinction. Documents underlying a court's "decision to issue a search warrant, which are filed with the court, and which become part of the case record subject to disclosure in connection with subsequent motions for return of property or suppression of evidence must be considered a part of the 'records of the court.' " In re Sealed Documents, 172 Vt. 152, 159, 772 A.2d 518, 525 (2001) (emphasis added) (citation omitted). A

4

public record, on the other hand, includes "any written or recorded information, regardless of physical form or characteristics, which is produced or acquired in the course of public agency business." 1 V.S.A. § 317(b).

¶ 11. The affidavit was prepared by UVM Police Services in the course of public agency business. It is best characterized as a police arrest record. Petitioner requested the document from UVM Police Services, an executive agency—not a court. We decline to extend a cloak of judicial confidentiality to an agency record simply because it was prepared for a dismissed criminal case. Records like this one, held by executive agencies, are subject to disclosure under the PRA. VSP-TK, 2019 VT 47, ¶ 14 (citing State v. Tallman, 148 Vt. 465, 472, 537 A.2d 422, 427 (1987)). As such, the trial court erred when it found that the affidavit fell within the PACR Rule 6(b)(24) exception for court records.

¶ 12. The trial court found that the affidavit was a court record because it was prepared pursuant to a court rule, Vermont Rule of Criminal Procedure 3(j), and filed with the superior court. The trial court explained, "[t]he fact that UVM Police Services may have kept a copy of the affidavit in its records does not change its status as a 'judicial branch record.' " We disagree. Not only was the record kept by UVM Police Services, but petitioner also requested the record directly from the agency. That UVM Police Services also filed the record with the court does not change its status as an agency record.

¶ 13. Because the affidavit is not a court record, and the PACR Rules do not apply in this matter, we next turn to the PRA. As we noted in Norman v. Vermont Office of Court Administrator, the PRA "is to be 'construed liberally' in favor of disclosure to effectuate its goal of providing 'free and open examination' of public records." 2004 VT 13, ¶ 4, 176 Vt. 593, 844 A.2d 769 (mem.). In Norman, the petitioner challenged the Court Administrator's decision that the records requested—employment records of a former employee of the Burlington Police Department and former investigator with the Office of the Court Administrator—were exempt

5

under the PRA as records "which by law are designated confidential." 2004 VT 13, ¶ 4 (quotation omitted). We cautioned "that § 317(c)(1) is subject to the general rule that exceptions to the [PRA] must be construed narrowly to implement the strong policy in favor of disclosure." Id. (quotation omitted). But we also acknowledged "that the public's interest in overseeing the decisions of its governmental officers must be balanced against the people's 'right to privacy in their personal and economic pursuits.' " Id. (quoting 1 V.S.A. § 315).

¶ 14. In Caledonia Record Publishing Co. v. Walton, this Court was asked to decide if citations, like arrest records, are public records subject to disclosure pursuant to the PRA. 154 Vt. 15, 573 A.2d 296 (1990). There, the Department of Public Safety resisted providing the names of persons cited or arrested and the charges against these persons, contending that the citations sought were " 'records dealing with the detection and investigation of crime' " within the meaning of the statute. Id. at 19, 573 A.2d at 299 (quoting 1 V.S.A. § 317(b)(5)).[3] We held "that arrest records are not records dealing with the detection and investigation of crime but instead are the products of crime detection," and are subject to disclosure. Id. at 26, 573 A.2d at 302. We further held "that citations, like arrest records, are public records" that "are not included within the detection and investigation exemption" and thus, must also be disclosed. Id. at 27, 573 A.2d at 303. These conclusions, we said, were consistent with the common law of Vermont, and "[w]here a statute operates in an area formerly governed by the common law, we will find a change in the law only if the statute overturns the common law in clear and unambiguous language, or if the statute is clearly inconsistent with the common law." Id. at 23, 573 A.2d at 301 (quotation omitted).

¶ 15. Petitioner filed his request with the agency pursuant to the PRA.[4] In arguing against disclosure, UVM Police Services urges us to designate the affidavit "confidential by law" pursuant

_____

[3] The statute has since been amended—the current reference to the applicable text is 1 V.S.A. § 317(c)(5)(A).

[4] Petitioner relies heavily on language found in State v. Tallman to support his argument that all affidavits of probable cause are governed by the PRA—specifically, "[a]fter it has been

to PACR. But PACR are judicially crafted rules governing materials in the Judicial Branch. While the PACR Rules, by design, incorporate relevant statutory protections, they are not enacted by the Legislature nor signed by the Governor. VSP-TK, 2019 VT 47, ¶ 11. "The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others." Vt. Const. ch. II, § 5. "[T]he doctrine of separation of powers decrees that no branch of government should step on the toes of another." In re Essex Search Warrants, 2012 VT 92, ¶ 38, 192 Vt. 559, 60 A.3d 707 (Skoglund, J., concurring). Accordingly, policy decisions made by the Court do not apply to other branches of government, including executive agencies. As such, the PACR Rules do not create, by law, a confidential exemption to the PRA such that agencies need not disclose information in their possession and control otherwise subject to the PRA.

¶ 16. As described above, we hold that the public has a right to access the affidavit of probable cause because it is an agency record that falls outside of the PACR Rules and does not qualify as confidential under the PRA. Accordingly, we reverse the trial court's dismissal of petitioner's complaint and remand for proceedings consistent with this opinion.

Reversed and remanded.

FOR THE COURT:

_____
Associate Justice

---

reviewed by a court, an affidavit of probable cause becomes a public document." 148 Vt. at 473, 537 A.2d at 427. However, the dispute in Tallman was over the trial court's sealing of an affidavit of probable cause after a finding of probable cause to proceed and subsequent partial closure of a suppression hearing. The record was sought from the court, not directly from an executive agency. The circumstances were very different from the situation in this case.