# State of Vermont v. Champlain Cable Corporation a/k/a Haveg Industries, Inc.

[520 A.2d 596]

No. 84-583

Present: **Allen, C.J., Hill and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 14, 1986

*Jeffrey L. Amestoy*, Attorney General, *Edwin L. Hobson, Jr.*, Assistant Attorney General, and *Sharon Brown*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Spokes, Foley & Stitzel*, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant, after a .successful suit by the State of Vermont under the Vermont Fair Employment Practices Act (VFEPA), 21 V.S.A. §§ 495-496, appeals the award of attorney's fees, investigative costs, and other costs of prosecution in the amount of $61,222.07. We reverse.

The action was brought by the State under the VFEPA to remedy alleged discrimination by defendant against certain of its employees based on their sex. On October 7, 1983, the trial court awarded judgment against defendant in favor of four employees in the aggregate amount of $40,000 and fined the company $30,500. The court further ordered:

> 9. Plaintiff, the State of Vermont, may recover its costs of action.

> 10. All other requests of the parties are DENIED and the same are DISMISSED with prejudice.

Defendant did not appeal the October 7, 1983 order, and on February 17, 1984, it paid the amount of the judgment and accrued interest.

On May 1, 1984, the State moved for attorney's fees and investigative and prosecution costs; a hearing was held on this motion on July 10, 1984. Defendant opposed the motion on the sole ground that the phrase "costs of action" in the October 7, 1983 order did not include attorney's fees and that, accordingly, the order amounted to a denial of any claim for attorney's fees.

The trial court held that the language in its October 7, 1983 order was consistent with a later award of attorney's fees and had not amounted to a denial. On November 14, 1984, it granted the State's motion, stating that "it was the court's intention to allow attorney's fees in the subsequent proceeding and we thought the word 'cost' did that." The present appeal followed.[1]

---

[1] Defendant does not question that the Vermont Fair Employment Practices Act allows the recovery of attorney's fees and the expenses of prosecution where a

■ Ordinarily, the term "costs of action" does not encompass attorney's fees. See 1 S. Speiser, Attorneys' Fees § 12:5, at 476-77 (1973); 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d § 2675, at 257 (1983). In a prior VFEPA case, this Court ruled that "[a]ttorney's fees are a litigation expense, not a 'cost' within the meaning of V.R.C.P. 54, V.R.A.P. 39, or 32 V.S.A. § 1471." *State* v. *Whitingham School Board*, 140 Vt. 405, 409, 438 A.2d 394, 397 (1981). Thus, when the court dismissed "[a]ll other requests of the parties . . . with prejudice," it effectively disposed of the State's request, as set forth in its complaint, for attorney's fees.

Although the court later stated it had intended to allow attorney's fees in its ruling, there was no way to derive that meaning from the language of the order. Defendant maintains that its decision not to take an appeal from the $70,500 judgment might well have been different had it been confronted with an award for attorney's fees in addition to the judgment on the merits.

The State's motion for attorney's fees came long after the time had passed for filing an appeal or for moving to amend or alter judgment under V.R.C.P. 59(e). In fact, it came after defendant had paid the amount of the judgment. A Rule 59(e) motion by the State would have been an appropriate means by which to clarify the order, but the rule requires such motion to be served not later than ten days after entry of the judgment. Thus, the motion the State eventually did file was out of time under Rule 59(e).

The State points to *White* v. *New Hampshire Department of Employment Security*, 455 U.S. 445 (1982), however, in support of its contention that V.R.C.P. 59(e) does not apply to a request for attorney's fees and that its motion was therefore not out of time. *White* held that Fed. R. Civ. P. 59(e) (essentially identical to V.R.C.P. 59(e)) is inapplicable to a request for attorney's fees under 42 U.S.C. § 1988 in a civil rights case. *Id.* at 452-53. Section 1988, however, expressly provides that the court may allow the prevailing party "a reasonable attorney's fee *as part of the costs.*" (Emphasis added.) Thus, the underpinnings of *White* are different from those of this case, where there is no comparable statutory language to include attorney's fees as part of the costs of the action.

---

timely motion is filed, nor is the amount of the award at issue, since the parties stipulated to that amount below.

The State also contends that the request for attorney's fees could be dealt with under V.R.C.P. 60(a), which provides that "[c]lerical mistakes in judgments . . . and errors therein arising from oversight or omission may be corrected by the court at any time . . . ." This argument was not made to the trial court, but was addressed in the parties' appellate briefs; it is apparent that the trial court treated the issue as an oversight on its part. See *Huey* v. *Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir. 1979) (court's action could properly be characterized as correction of an error pursuant to Rule 60(a) despite fact that defendant had presented its motion as one to amend judgment pursuant to Rule 59(e)), *cert. denied*, 458 U.S. 1106 (1982).

■ Rule 60(a) envisions giving relief from minor errors; errors that affect substantial rights of the parties are outside the scope of the rule. See *Warner* v. *City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2854, at 149 (1973). If a court does not render judgment, or renders one that is imperfect or improper, it has no power to remedy any such error or omission by treating it as a clerical mistake. See *Recile* v. *Ward*, 496 F.2d 675, 680 (5th Cir. 1974). Further, the correction of a clerical error under Rule 60(a) does not extend the time for taking an appeal of the underlying judgment, because unlike the grant of a Rule 60(b) motion, the grant of a Rule 60(a) motion does not afford relief from such judgment. See *International Controls Corp.* v. *Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); 11 C. Wright & A. Miller, *supra*, § 2871, at 257-58. Defendant would thus have been foreclosed from taking an appeal from the underlying judgment had it desired to do so following a Rule 60(a) grant of attorney's fees. Under the circumstances of this case, the award of $61,222.07 in attorney's fees and investigation costs was not a minor error to be corrected under the auspices of Rule 60(a).[2]

The State also argues in its brief that it is entitled as a matter of right to recover such fees and costs. If this were true, then, of course, the ten-day time constraint of Rule 59(e) would not apply. *Glick* v. *White Motor Co.*, 458 F.2d 1287, 1293-94 (3d Cir. 1972). Since the court's action substantially affected defendant's rights,

---

[2] Following the trial court's ruling that attorney's fees were to be included in the "costs of action," the parties stipulated to $61,222.07 as the reasonable and accurate amount incurred by the State for investigatory costs and attorney's fees.

however, and amounted to more than the mere correction of a clerical error, the State may not prevail under Rule 60(a) unless it is entitled to recover its attorney's fees and investigation costs as a matter of right. See *id.; In re Merry Queen Transfer Corp.*, 266 F. Supp. 605, 607 (E.D.N.Y. 1967). In analyzing this theory, it is necessary to consider the applicable statute.

Here, the applicable statute, 21 V.S.A. § 495b(a), states that:

> [t]he superior courts are authorized to impose the same civil penalties and investigation costs and to order other relief to the state of Vermont or an aggrieved employee for violations of this subchapter as they are authorized to impose or order under the provisions of sections 2458 and 2461 of Title 9
> . . . .

Under the plain language of the statute, the courts are "authorized" in their discretion to award "investigation costs" to the State, but they are not required to do so. Further, a review of the other statutes cited, 9 V.S.A. §§ 2458 and 2461, does not disclose any requirement that the court award attorney's fees or investigation costs for any action the State might bring thereunder.

Under 9 V.S.A. § 2461(a), the State may seek a civil penalty for any violation of the terms of an injunction issued under § 2458, but § 2461(a) makes no mention of a recovery of attorney's fees by the State. Section 2461(b) sets forth the rights and remedies of "[a]ny consumer" and provides that a "consumer" may recover damages, reasonable attorney's fees, and exemplary damages. See *Gramatan Home Investors Corp. v. Starling*, 143 Vt. 527, 535-36, 470 A.2d 1157, 1161-62 (1983) (prevailing consumer is entitled to award of attorney's fees in consumer fraud case brought under 9 V.S.A. § 2461(b)). Section 2461(b) makes no mention of an action by the State.

Under 9 V.S.A. § 2458, the State may bring an action to enjoin an unfair or deceptive commercial practice and, in addition, "may request and the court is authorized to render . . . relief . . . including, but not limited to . . . (3) an order requiring reimbursement to the state of Vermont for the reasonable value of its services and its expenses in investigating and prosecuting the action." *Id.* § 2458(b)(3). Section 2458 thus authorizes, but does not mandate, an award of investigation costs to the State in such a proceeding. We are unable to find a statutory requirement that

the State be awarded its attorney's fees and investigation costs as a matter of right.

Absent a statutory mandate that such costs be awarded, the State's proper avenues for relief herein were either a motion to alter or amend judgment under Rule 59(e), to be filed within ten days of the judgment, or a motion for relief from judgment under Rule 60(b), a motion properly addressed only to the trial court. *Moore* v. *Beecher*, 145 Vt. 659, 659, 482 A.2d 1225, 1225 (1984) (mem.). Neither approach was taken by the State in this case.

We see no alternative, on the basis of the record before us, but to strike the award for attorney's fees and investigation costs.

*Reversed.*