## Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.

[543 A.2d 1320]

No. 86-047

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 26, 1988

*Thomas F. Heilmann*, P. C., Burlington, for Plaintiff-Appellant.

*Young, Monte & Lyford*, Northfield, for Defendant-Appellee.

**Gibson, J.** Plaintiff appeals the trial court's ruling granting defendant relief from a previous order of the court determining the interest due on plaintiff's judgment for damages. We affirm.

## I.

This case has had a long procedural history, including an appeal to the United States Supreme Court that established important new First Amendment precedent. See *Greenmoss Builders, Inc.* v. *Dun & Bradstreet, Inc.*, 143 Vt. 66, 461 A.2d 414 (1983), *aff'd*, 472 U.S. 749 (1985). The underlying facts that led to the original judgment are not relevant to this appeal, which deals solely with the issue of the computation of interest on the judgment. For a factual background, see Case Comment, *Greenmoss Builders* v. *Dun & Bradstreet*, 10 Vt. L. Rev. 205, 209-13 (1985). It is, however, necessary to reiterate some of the procedural history of this case.

The original complaint for defamation was filed on October 21, 1977. On April 10, 1980, the trial court entered judgment on the jury's verdict of $50,000 compensatory and $300,000 punitive damages. On October 20, 1980, the trial court granted defendant's motion for a new trial. Plaintiff filed an interlocutory appeal of this order, and on April 15, 1983, this Court reversed the grant of a new trial and reinstated the jury verdict.

On remand, plaintiff moved that the trial court reenter the judgment, including interest accrued since the original award of damages in 1980. While plaintiff did not specifically bring its method of calculating interest to the attention of either defendant or the trial court, plaintiff, in effect, added accrued interest annually to the principal amount due, and calculated future interest on this amount of accrued interest at annual periods, or more simply, it compounded interest on the judgment. At a hearing on the motion, defense counsel stated that "I won't take time now to argue against the computations that were made. I ask the [c]ourt to note our objection for the record, so that our rights are reserved in connection with the calculation of interest. . . ." The trial court then entered judgment, implicitly accepting plaintiff's method of compounding interest on the judgment award.

Defendant appealed the case to the United States Supreme Court, which affirmed the decision of this Court on June 26, 1985. Defendant subsequently paid plaintiff $572,845.06, representing

the original award of damages, costs, and simple interest from the date of the verdict to the date of payment. Plaintiff acknowledged this payment as partial satisfaction of the judgment. On August 5, 1985, defendant moved in the trial court to amend the judgment to recalculate the interest due on the judgment by the method of simple interest instead of the compounding method previously employed, thus making defendant's previous payment full satisfaction of the judgment. On November 20, 1985, the trial court granted defendant's motion. It is from this action that plaintiff brings its appeal to this Court, raising two allegations of error: first, that the trial court erred in granting defendant's motion for relief under V.R.C.P. 60(a), and second, that the trial court erred by holding that a judgment may bear only simple and not compound interest.

## II.

Plaintiff's first claim of error is theoretically correct, but does not afford a basis for reversing the instant case. Defendant based its motion for relief upon V.R.C.P. 60(a), which provides in pertinent part that "[c]lerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ." Plaintiff properly points out that this rule cannot serve as a basis for relief, since no "clerical mistakes" arose in the entry of the judgment. While the trial court may not have been aware of the method by which the interest had been computed when it entered judgment for plaintiff in 1983, this act would not constitute a clerical mistake. Indeed, in granting defendant's motion for relief, the court agreed with plaintiff that there had been no clerical error. The error in the judgment was an error in substantive law, not a clerical or mathematical error, as contemplated by V.R.C.P. 60(a). See Scola v. Boat Frances, R., Inc., 618 F.2d 147, 152-53 (1st Cir. 1980) (narrowness of clerical mistake doctrine under virtually identical federal rule). The court, however, went on to grant defendant's requested relief, but did not clearly set out the legal basis for its decision. We believe the trial court had authority to grant defendant's requested relief pursuant to V.R.C.P. 60(b)(6), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judg-

ment . . . for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."

We have previously stated that:

> A motion for relief from judgment, V.R.C.P. 60(b), "is addressed to the discretion of the trial court and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." *R. Brown & Sons, Inc.* v. *International Harvester Corp.*, 142 Vt. 140, 143, 453 A.2d 83, 85 (1982) (citations omitted). A motion brought under V.R.C.P. 60(b)(6) serves as a request for relief from judgment for "any other reason justifying relief from the operation of the judgment." *Id.* We have stated "that relief from judgment under V.R.C.P. 60(b)(6) is, by its very nature, invoked to prevent hardship or injustice and thus to be liberally construed and applied." *Cliche* v. *Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983). Nevertheless, clause (6) of the Rule may not be used to relieve a party from free, calculated, and deliberate choices he has made. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2864 (1973).

*Estate of Emilo* v. *St. Pierre*, 146 Vt. 421, 423-24, 505 A.2d 664, 665-66 (1985).

We believe the instant case meets these criteria. At the 1983 hearing, defendant specifically objected to the calculation of interest in the judgment order. Relief could reasonably have been granted by the trial court to correct an error in law which it implicitly accepted by entering the judgment order as proposed by plaintiff. The requested relief, therefore, would be invoked to avoid an injustice to defendant and not to relieve defendant from a freely made tactical decision. Plaintiff fails to convince us that the trial court's actions, in correcting a previous error of law, do not reasonably fall under the broad spectrum of relief covered by V.R.C.P. 60(b)(6). We reach this conclusion even though the trial court failed to rely clearly on V.R.C.P. 60(b)(6), if indeed it did examine the claim in this manner. See *Circus Studios, Ltd.* v. *Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984) ("This Court will affirm a judgment which is correct even if the grounds stated in support of it are erroneous.").

V.R.C.P. 60(b)(6) also requires that such motions "be made within a reasonable time." The test for determining whether the

trial court could properly find that a motion for relief had been filed within a reasonable time is whether the trial court exercised sound discretion on this matter given all the factors and circumstances of the particular case. Such a decision will be disturbed only upon a showing of an abuse of that discretion. *Brown* v. *Tatro*, 136 Vt. 409, 411-12, 392 A.2d 380, 382 (1978). While the delay in the request for such relief constituted several years, the delay was almost entirely consumed by defendant's appeal to the United States Supreme Court of this Court's decision on the merits of the case. Once this appeal process was exhausted, defendant satisfied plaintiff's judgment as to the undisputed amount and shortly thereafter brought a motion for relief, albeit on the wrong grounds, to the trial court. Given the lengthy procedural history of this case, we find that the motion was made within a "reasonable time" pursuant to the meaning of this phrase in the rule, see *In re Cremidas' Estate*, 14 F.R.D. 15, 18 (D. Alaska 1953) (delay of three years does not bar motion under federal rule), and, in any event, no prejudice has resulted to plaintiff from this delay. See *Simons* v. *Schiek's, Inc.*, 275 Minn. 132, 139, 145 N.W.2d 548, 552 (1966) (no prejudice under similar Minnesota rule when plaintiff makes motion three years after settlement of case). See generally 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2866, at 227-34 (1973).

### III.

Plaintiff also alleges error in the trial court's altering what plaintiff considers the correct method of calculating interest under Vermont law. The controlling statute, 9 V.S.A. § 41a(a), provides that "the rate of interest or the sum allowed for forbearance or use of money shall be twelve percent per annum computed by the actuarial method." Plaintiff argues that this means that interest must be computed by being compounded annually. We disagree.

Neither the statute nor any persuasive authority defines "actuarial method." When the meaning of a statute is not plain on its face, legislative intent "should be gathered from 'a consideration of the whole and every part of the statute, the subject matter, the effects and consequences, and the reason and spirit of the law.' " *Langrock* v. *Department of Taxes*, 139 Vt. 108, 110, 423 A.2d 838, 839 (1980) (quoting *Holbrook Grocery Co.* v. *Commissioner of*

*Taxes,* 115 Vt. 275, 278-79, 57 A.2d 118, 120 (1948)). It is well established, however, that a statutory change in the common law will be given effect only upon a clear showing of legislative intent to change the common law. See *Fairchild* v. *West Rutland School Dist.,* 135 Vt. 282, 286, 376 A.2d 28, 31 (1977); see also *Brammall* v. *Larose,* 105 Vt. 345, 350-51, 165 A. 916, 918 (1933) (statute susceptible of two meanings must be examined in light of common law principles). Simple interest has long been the common law method of calculating interest on a damages award in this state. See *Flannery* v. *Flannery,* 58 Vt. 576, 580, 5 A. 507, 510 (1886). This method of computing interest is utilized by the vast majority of other jurisdictions. See, e.g., *Schwartz* v. *Piper Aircraft Corp.,* 90 Mich. App. 324, 327, 282 N.W.2d 306, 308 (1979). See generally 47 C.J.S. *Interest & Usury* § 73. Cf. Reporter's Notes, 1981 Amendment to V.R.C.P. 69 (V.R.C.P. do not allow compound interest). Plaintiff attempts to show through interpretations of other portions of 9 V.S.A. § 41a that the Legislature intended to allow for annual compounding of interest on judgment awards. We are not persuaded by this analysis that the Legislature showed a clear intent to alter the common law method of computing simple interest. We hold that 9 V.S.A. § 41a(a) allows simple interest and not compound interest to be accorded to judgment awards. Therefore, the trial court did not err in modifying the judgment order to allow only simple interest on the judgment award.

*Affirmed.*