Filed 06/02/21

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT  05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 82-3-20 Bncv

Tudor vs. Tudor, et al.

## DECISION ON MOTION

This is an appeal from the Probate Division to the Civil Division.

The Estate of Milo E. Tudor, Sr. ("Appellee") moves to dismiss the appeal of Milo E. Tudor, Jr. (The Younger) (hereinafter "Appellant").

Appellee contends that there is no jurisdiction because the appeal was not filed in a timely manner and because Appellant failed to serve the notice of appeal on the remaining parties, resulting in prejudice to those parties.

Appellant opposes dismissal, contending that there is jurisdiction because the Court "issued an order confirming [that] the 'Notice of Appeal' received by the Court on March 2, 2020 had been accepted as such," and that the timeliness issue is res judicata.

For the following reasons, the motion to dismiss is granted.  The matter is dismissed.

### Background

This proceeding relates to the administration of the Estate of Milo E. Tudor, Sr, the Appellee to this appeal.  This matter was originally heard by the Vermont Superior Court, Bennington Unit, Probate Division after extended proceedings which commenced in 2015.[1]

The Probate Division issued an order granting partial fees for caretaking services and expenses on January 29, 2020.  The Probate Division ordered $178,162.81 equally distributed amongst nine beneficiaries in a Decree of Distribution issued January 29, 2020.  On February 27, 2020, Randall C.K. Gilmour filed a V.R.C.P. 60(a) motion to amend judgment and correct a clerical mistake.

The Probate Division issued two amended orders on March 2, 2020.  The Probate Division's first amended order corrected mathematical errors in the January 29, 2020 order granting fees for caretaking services and expenses.[2]  The Probate Division's second amended order corrected mathematical errors

---

[1] See *In re Milo E. Tudor, Sr.*, No. 49-1-15 Bnpr.
[2] The first amended order made no substantive changes to the January 29, 2020 order, stating: "This Amended Order Granting Fees for Caretaker Services and Expenses in Part and Denying said Fees and Expenses in part is issued for the sole and limited purpose of correcting the adjusted total amount for decree that was set forth in the original Order . . . ."  *In re Milo E. Tudor, Sr.*, No. 49-1-15 Bnpr (Vt. Super. Ct. Mar. 2, 2020) (Scanlon, J.).

Order
82-3-20 Bncv Tudor vs. Tudor, et al.

in the January 29, 2020 decree of distribution order by ordering that $175,732.63—not $178,162.81, as the January 29, 2020 decree erroneously directed—be equally distributed amongst nine beneficiaries.[3]

Appellant filed a letter to the Honorable David Howard, additional documents, and a filing fee with the Vermont Superior Court on March 30, 2020. Appellant did not serve the letter and documents upon any other party. The Estate Administrator, having not received the filing, distributed the funds to the beneficiaries in accordance with the March 2, 2020 amended distribution decree.

On July 15, 2020, this Court ordered Appellant to file an amended notice of appeal and serve the other parties:

> On March 30, 2020, Milo E. Tudor, Jr. (the "Appellant") filed a "letter to Judge Howard" with a filing fee which the court accepted as an appeal from the probate court decree filed March 2, 2020. The court has accepted the letter as a Notice of Appeal, although that is not clearly stated in the letter. The court will grant Appellant until July 29, 2020 to file an Amended Notice of Appeal to the Civil Division, if appealing the probate decision is his intent. Otherwise, the appeal is subject to dismissal.
>
> The Appellant is reminded that copies of any filings he makes with the court must be sent to all parties in the case, and that he must file a certificate of service with the court stating that he has sent copies to the other parties and how they were served.
>
> The clerk shall send a copy of Appellant's letter and this Order to the parties in the Probate Division case.

*Tudor v. Estate of Tudor*, No. 82-63-20 (Vt. Super. Ct. July 15, 2020) (Corsones, J.).

## Analysis

Appellee moves to dismiss the Appellant's appeal, contending that this Court lacks jurisdiction because Appellant failed to timely file the appeal. Appellee further contends that Appellant's failure to serve the notice of appeal on the remaining parties has prejudiced those parties.

Appellee first argues that jurisdiction is lacking because Appellant failed to timely file his appeal within thirty days of the January 29, 2020 entry of judgment. Appellee contends that Appellant's March 30, 2020 filing was untimely because Appellee failed to file within thirty days of the January 29, 2020 Decree of Distribution judgment. Appellee thus argues that Appellant's untimely March 30, 2020 filing precludes jurisdiction over the appeal.

Appellant responds that the Court's July 15, 2020 order "accepted" the filing and that this "acceptance" is the law of the case.

Appeals of probate decisions to the civil division are made pursuant to V.R.C.P. 72(a), which states in pertinent part:

---

[3] The amended decree states: "This Amended Decree of Distribution is issued for the sole and limited purpose of correcting the total amount on hand for distribution and the resulting amounts decreed to each of the heirs set forth in the original Decree of Distribution . . . ." *In re Milo E. Tudor, Sr.*, No. 49-1-15 Bnpr (Vt. Super. Ct. Mar. 2, 2020) (Scanlon, J.).

> Any party entitled thereto by law may appeal to the civil division of the superior court from a decision of the probate division by filing with the register of the probate division a notice of appeal in the manner and within the time provided in Rules 3 and 4 of the Rules of Appellate Procedure as modified herein.

V.R.C.P. 72(a). The appeal "must be filed with the superior court clerk within 30 days after entry of the judgment or order appealed from." V.R.A.P. 4(a)(1). A V.R.C.P. 60(a) motion to correct a clerical error does not toll that filing period. *State v. Champlain Cable Corp.*, 147 Vt. 436, 439 (1986) ("[T]he correction of a clerical error under Rule 60(a) does not extend the time for taking an appeal of the underlying judgment."). Additionally, while V.R.A.P. 4(b)(7) provides that "the full time for appeal begins to run for all parties from the entry of an order disposing of the last remaining motion . . . (7) granting or denying a motion for relief under V.R.C.P. 60 if the motion is filed no later than 28 days after the entry of judgment," the Rule 60(a) motion was filed on February 27, 2020—29 days after the entry of judgment. As the Rule 60(a) motion was not made within 28 days after the entry of judgment, V.R.A.P. 4(b)(7) does not toll the appeal period.

Therefore, because the Rule 60(a) motion does not toll the V.R.A.P. 4(a)(1) filing deadline, any timely appeal of the probate division's January 29, 2020 Decree of Distribution must have been filed no later than Friday, February 28, 2020—the thirtieth day following the January 29, 2020 Decree of Distribution.

Appellant, citing the doctrine of res judicata, contends this issue has already been decided in the July 15, 2020 entry order. However, "[r]es judicata bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Lamb v. Geovjian*, 165 Vt. 375, 379 (1996) (citing *Berlin Convalescent Ctr., Inc. v. Stoneman*, 159 Vt. 53, 56 (1992)). The July 15, 2020 order is not "a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Id.* Res judicata is not applicable here.

Appellant similarly proffers that the July 15, 2020 "acceptance" must govern here pursuant to the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, bars re-litigation of an issue on where the "following five criteria are met: (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair. *Trepanier v. Getting Organized, Inc.* 155 Vt. 259, 265 (1990).

Appellant's collateral estoppel argument is not persuasive. Appellee has not had the opportunity to contest the jurisdictional issue at the time of the July 15, 2020 entry order. Further, it is clear that the order concerned the filing's form—not its timing. In "accepting" Appellant's order an appeal, the order interpreted the filing as an appeal notwithstanding Appellant's failure to include express language to that effect. Courts may interpret filings from their substance, rather than their form. See generally *Bingham v. Tenney*, 154 Vt. 96 (1990) (trial court erred in granting summary judgment merely on the basis that the pro se defendant filed opposition that was deficient in form, though sufficient in substance). In contrast, the V.R.A.P. 4(a)(1) filing deadline is jurisdictional and not amenable to the substance-over-form approach that Appellant suggests. .

The doctrines of res judicata and collateral estoppel do not apply.

For those reasons, for the appeal to be timely, Appellant must have filed no later than thirty days following the January 20, 2020 entry of the Decree of Distribution. Appellant failed to do so, and this matter must be dismissed for lack of jurisdiction. As the Court lacks jurisdiction, it cannot address the failure to serve notice contention.

**Order**

For the above reasons, the motion to dismiss is granted. This matter is dismissed.

_____
Hon. John W. Valente
Vermont Superior Court Judge