NOTICE:  This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2025 VT 12

SUPREME COURT CASE NO. 25-AP-044

MARCH TERM, 2025

| | | |
|---|---|---|
| In re A.B. & B.B., Juveniles | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit |
| | } | Family Division |
| | } | |
| | } | CASE NOS. 23-JV-00066, 23-JV-00067 |
| | } | |
| | | Trial Judge: Kate T. Gallagher |

In the above-entitled cause, the Clerk will enter:

¶ 1.    The State moves to dismiss the above-captioned appeal as untimely filed.  The family division issued a final order terminating father's parental rights to A.B. and B.B. on January 2, 2025.  On January 9, 2025, the State moved to amend the final order to correct A.B.'s birthdate and to specify that residual parental rights were transferred to the Commissioner of the Department for Children and Families without limitation as to adoption.[*]  On February 10, 2025, the court issued a corrected final order with the requested amendments.  Father filed a notice of appeal the same day.  The State argues that its motion to correct the termination order did not toll the appeal period because it was filed under Vermont Rule of Civil Procedure 60(a) and sought merely to fix clerical errors.  Accordingly, the State argues that this Court lacks jurisdiction to review the termination order.  For the following reasons, we deny the motion to dismiss.

¶ 2.    The State correctly notes that in State v. Champlain Cable Corp., 147 Vt. 436, 439, 520 A.2d 596, 599 (1986), we stated that "the correction of a clerical error under Rule 60(a) does not extend the time for taking an appeal of the underlying judgment."  Consistent with this view, for many years the only type of Rule 60 motion that tolled the running of the appeal period was a Rule 60(b) motion for relief from a default judgment.  See V.R.A.P. 4(b)(6) (2005).  However, in 2006, this Court amended Vermont Rule of Appellate Procedure 4 to add a provision stating that any motion filed under Rule 60 within ten days of the judgment tolled the running of the appeal period.  See Reporter's Notes—2006 Amendment, V.R.A.P. 4 ("New clause (7) adds all motions under V.R.C.P. 60 that are made within 10 days after entry of judgment.").  Accordingly, the

_____

[*] The original order stated that "[c]ustody of the children remains with the Commissioner of the Department of [sic] Children and Families, without limitation as to adoption."

current version of Appellate Rule 4(b)(7) provides that the thirty-day appeal period "begins to run for all parties from the entry of an order disposing of the last remaining motion . . . granting or denying a motion for relief under V.R.C.P. 60 if the motion is filed no later than 28 days after the entry of judgment."

¶ 3.     As is evident from the text, the appellate tolling rule does not differentiate between motions made under Rule 60(a) and Rule 60(b).  The plain language of Appellate Rule 4(b)(7) indicates that a timely motion filed under any subdivision of Rule 60, including Rule 60(a), tolls the running of the appeal period.  See In re Hamid-Ahmed, 2018 VT 113, ¶ 7, 208 Vt. 536, 200 A.3d 179 ("[I]f the plain meaning is clear on the face of the rule, it must be enforced as such.").  We therefore conclude that the amendments to Appellate Rule 4 supersede the language in Champlain Cable Corp. on which the State relies.  Cf. Grantham v. Ohio Cas. Co., 97 F.3d 434, 435 (10th Cir. 1996) (holding that prior caselaw stating that motion filed under Rule 60(a) did not toll running of appeal period was superseded by amendment to Federal Rule of Appellate Procedure 4 providing that Rule 60 motion tolls appeal period if filed within ten days).

¶ 4.     Here, the State filed its motion to correct the January 2, 2025 final order within twenty-eight days of the judgment.  The trial court resolved that motion on February 10, 2025, at which point the appeal period began to run.  Father filed his notice of appeal that same day, making it timely under the rule.  We therefore have jurisdiction to review the January 2, 2025 final order.

The State's motion to dismiss is denied.

BY THE COURT:


Paul L. Reiber, Chief Justice


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice


William D. Cohen, Associate Justice


Nancy J. Waples, Associate Justice