NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 141

No. 2018-068

| | |
|---|---|
| In re Petition of Swanton Wind LLC | Supreme Court |
| | On Appeal from Public Utility Commission |
| | September Term, 2018 |

Anthony Z. Roisman, Chair

Alison Milbury Stone and Leslie A. Cadwell of Legal Counselors & Advocates, PLC, Burlington, for Appellant.

Thomas J. Donovan, Jr., Attorney General, Justin Kolber, Assistant Attorney General, and Geoffrey Commons, Public Service Department, Montpelier, for Appellees State of Vermont, Department of Public Service and Agency of Natural Resources.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **REIBER, C.J.** Petitioner Swanton Wind LLC appeals three determinations by the Public Utility Commission. We strike the Commission's final order in part, and we reverse and remand in part.

¶ 2. In September 2016, petitioner requested the Public Utility Commission[*] to grant a certificate of public good (CPG), pursuant to 30 V.S.A. § 248, which would authorize petitioner to build a twenty-megawatt wind-powered electric-generation facility in Swanton, Vermont. At the same time, petitioner paid the Agency of Natural Resources a $100,000 fee as part of its CPG

_____

[*] Prior to 2017, the Public Utility Commission was known as the Public Service Board. 2017, No. 53, §§ 9-13. For clarity, we refer to it as the Commission throughout this opinion.

petition, which was required by 30 V.S.A. § 248b. During the next nine months, petitioner and the other parties to the proceeding—which included numerous intervenors—engaged in substantial activity, including filing and responding to motions and letters, responding to discovery, participating in a workshop, and participating in prehearing conferences with the Commission.

¶ 3. In early June 2017, the parties submitted filings with proposed schedules for how the proceeding should continue. As part of those filings, the Department of Public Service argued, with the support of other parties, that the petition and evidence were insufficient, and the Commission should not set a comprehensive schedule until petitioner had clarified whether it intended to supplement its filings. In particular, the Department was concerned that petitioner's filings lacked a final system-impact study. In a June 22, 2017 order, the Commission agreed, finding that it needed a final system-impact study prior to the technical hearings in order to evaluate the petition. Petitioner filed a motion to reconsider, arguing that the Commission was deviating from its prior practice; in other cases, the Commission had evaluated petitions without a final system-impact study, instead issuing a conditional CPG and permitting the petitioner to complete the final system-impact study after the CPG was issued. The Commission denied petitioner's motion to reconsider.

¶ 4. Petitioner then requested to withdraw its petition pursuant to Vermont Rule of Civil Procedure 41(a)(1), and it requested that the Commission return the $100,000 fee it had paid to the Agency of Natural Resources pursuant to 30 V.S.A. § 248b. In response, several parties argued that the Commission should require petitioner to pay attorney's fees. In a January 3, 2018 order, the Commission denied petitioner's request to return the § 248b fee, saying it lacked jurisdiction to do so. It granted voluntary dismissal without prejudice pursuant to Rule 41(a)(2), rather than Rule 41(a)(1). It did not award attorney's fees, as the parties requested, because it found no exceptional circumstances to justify an award. No party appealed that finding. However, the

2

Commission did order that the parties could request attorney's fees and costs for this proceeding if petitioner chose to refile the petition in the future. Petitioner appealed.

¶ 5. On appeal to this Court, petitioner requests that we reverse the Commission's determination that it could not evaluate the petition without a final system-impact study. It also requests that we reverse the Commission's refusal to refund the § 248b fee and its determination that parties could request attorney's fees in the future.

¶ 6. We decline to address petitioner's first claim of error. We lack jurisdiction to review an unappealed determination the Commission made prior to voluntary dismissal without prejudice. See V.R.A.P. 3 (authorizing appeal by right of final judgment); V.R.A.P. 5, 5.1 (authorizing interlocutory and collateral final-order appeals by permission prior to final judgment).

¶ 7. Next, we address whether the Commission has jurisdiction to refund petitioner's fee. In general, our review of Commission decisions is deferential. In re UPC Vt. Wind, LLC, 2009 VT 19, ¶ 2, 185 Vt. 296, 969 A.2d 144. This deference extends to the Commission's "interpretation of statutes it implements and its rules." In re GMPSolar-Richmond, LLC, 2017 VT 108, ¶ 19, __ Vt. __, 179 A.3d 1232. But we do not "abdicate our responsibility to examine a disputed statute independently and ultimately determine its meaning." In re Stowe Cady Hill Solar, LLC, 2018 VT 3, ¶ 20, __ Vt. __, 182 A.3d 53 (quotation omitted). In our independent examination, we employ our usual tools of statutory construction. See In re MacIntyre Fuels, Inc., 2003 VT 59, ¶ 7, 175 Vt. 613, 833 A.2d 829 (mem.) (interpreting Act 250 independently and according to rules of statutory construction despite general deference to Environmental Board expertise). We look first to the plain language of the statute, and, if this is insufficient to determine legislative intent, we consider "the broad subject matter of the statute, its effects and consequences, and the purpose and spirit of the law." Id. (emphasizing that "our fundamental objective is to discern and implement the intent of the Legislature").

¶ 8.    A petitioner who is requesting a CPG under 30 V.S.A. § 248 must pay a fee at the time it files its CPG petition, as required by 30 V.S.A. § 248b.  Section 248b creates a formula to calculate the fee's amount and directs that it be paid into the "Natural Resources Management Fund and allocated to the Agency [of Natural Resources]."   The fee is "for the purpose of supporting the role of the Agency of Natural Resources . . . in reviewing applications" pursuant to §§ 248 and 248a.  Id.  Section 248 directs that the Agency "shall appear as a party in any proceedings held under this subsection, shall provide evidence and recommendations concerning any findings to be made . . . , and may provide evidence and recommendations concerning any other matters to be determined by the Commission in such a proceeding."   Neither § 248 nor § 248b says anything about a mechanism to refund the fee, and § 248b does not mention the Commission.

¶ 9.    The Agency argues that, because the fee is paid into a specified fund and allocated to the Agency, the Commission lacks the authority to order a refund of the § 248b fee.  We disagree.  As an agency, the Commission "is a body of special and statutory powers, as to which nothing is presumed in favor of its jurisdiction. . . .   [Its] powers include only those expressly granted by the Legislature and such incidental powers as are necessarily implied to carry out its express grant."  In re Vt. Elec. Power Producers, Inc., 165 Vt. 282, 289, 683 A.2d 716, 719-20 (1996).  Section 9 of Title 30 grants the Commission "the powers of a court of record in the determination and adjudication of all matters over which it is given jurisdiction," including the power to "render judgments, make orders and decrees, and enforce the same by any suitable process issuable by courts in this State."  30 V.S.A. § 9; see also Vt. Elec. Power Producers, 165 Vt. at 293, 683 A.2d at 722 (affirming that Commission has "all the powers of a trial court" in proceedings over which it has jurisdiction).  We do not determine here the full reach of the Commission's powers over the parties in § 248 proceedings.  But the statutory grant of power in

§ 9 does include the authority to order the Agency of Natural Resources, as a party to the § 248 proceeding, to refund some or all of the § 248b fee.

¶ 10. Having concluded that the Commission erred in deciding it lacked jurisdiction to order the Agency to refund the § 248b fee, we consider what portion of the fee the Agency is entitled to retain. See In re Hinesburg Hannaford Act 250 Permit, 2017 VT 106, ¶ 23, __ Vt. __, 179 A.3d 727 (observing Court may review argument likely to recur on remand in interest of judicial economy). The Agency argues it is entitled to the full fee because it had already engaged in substantive review of petitioner's application prior to dismissal. Petitioner argues the Agency is entitled to none of the fee because it was intended to support the Agency in providing evidence, which it did not do.

¶ 11. Section 248b requires that its fee must fund Agency activities pursuant to its duties as a party in § 248 proceedings, which include preparing to present evidence by reviewing a § 248 petition. See 30 V.S.A. § 248(a)(4)(E) (requiring Agency to "provide evidence and recommendations" in § 248 proceedings); id. § 248b(f) ("In exercising its duties, the Agency shall establish procedures and work flow goals for the timely review of applications under sections 248 and 248a of this title."). Thus, petitioner is incorrect in asserting that the Agency is entitled to none of the fee because it had not yet presented evidence. However, the Agency cannot retain the full fee based on generalized assertions regarding its review. Accordingly, we remand the matter to the Commission so that it may order the Agency to provide an account of its activities in petitioner's proceeding and evidence of the reasonable cost of those activities. After reviewing the Agency's evidence, the Commission may then exercise its discretion to order a refund of that portion of the § 248b fee, if any, which the Agency cannot reasonably justify retaining.

¶ 12. Lastly, we review the Commission's order allowing parties to seek attorney's fees if petitioner later chooses to refile. Petitioner contends the Commission cannot preserve an opportunity to seek attorney's fees for this proceeding at a later date, given that it found no

exceptional circumstances existed to justify departure from the American rule. See <u>Perez v. Travelers Ins. ex rel. Ames Dep't Stores, Inc.</u>, 2006 VT 123, ¶ 8, 181 Vt. 45, 915 A.2d 750 ("Vermont follows the 'American Rule' of attorney's fees, under which parties to litigation are generally responsible for their own fees in the absence of a statute or agreement to the contrary. Departure from the 'American Rule' is permitted only in exceptional circumstances." (citation omitted)). The State counters that the Commission has not yet ordered attorney's fees, so the matter is not yet ripe. The State also urges that, in any case, Vermont Rule of Civil Procedure 41(a)(2) grants the Commission authority to impose conditions on a voluntary dismissal, including attorney's fees. See V.R.C.P. 41(a)(2) (permitting court to grant voluntary dismissal "upon such terms and conditions as the court deems proper"). The Commission's Rules of Practice provide that the Vermont Rules of Civil Procedure apply to Commission proceedings. Rules of Practice § 2.103, Code of Vt. Rules 30 000 2000, https://puc.vermont.gov/sites/psbnew/ files/doc_library/2100-scope-and-construction-of-rules.pdf [https://perma.cc/7QZ3-NWF2].

¶ 13. The Commission's January 2018 order authorizes "existing parties to this proceeding" to request "an opportunity to demonstrate that they are entitled to an assessment of such attorney's fees and costs incurred in this proceeding as the Commission deems proper" if petitioner later refiles the petition. The Commission characterizes this as a condition pursuant to Rule 41(a)(2).

¶ 14. Insofar as the order could be interpreted to permit the Commission to revisit in a subsequent proceeding whether exceptional circumstances existed in this proceeding to justify departure from the American Rule, we hold the order invalid. The Commission found that no exceptional circumstances existed to justify departure from the American Rule, and that determination is final. The Commission may not reopen in a subsequent proceeding the findings from a final order in a previous proceeding. Cf. <u>Custis v. United States</u>, 511 U.S. 485, 497 (1994) (supporting "interest in promoting the finality of judgments" and affirming that "inroads on the

6

concept of finality tend to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice" (quotation omitted)); see also <u>Altman v. Altman</u>, 169 Vt. 562, 564, 730 A.2d 583, 586 (1999) (mem.) (supporting "the law's . . . interest in promoting the certainty and finality of judgments").

¶ 15.    The Commission asserts that it nonetheless had the power to order consideration of attorney's fees pursuant to Rule 41(a)(2).  Although federal courts have found that it is permissible to award attorney's fees as a condition of voluntary dismissal without prejudice, regardless of whether the plaintiff engaged in bad faith or other behavior to justify departure from the American Rule, we have not yet decided that question.  See, e.g., <u>McCants v. Ford Motor Co.</u>, 781 F.2d 855, 860 (11th Cir. 1986) (applying Federal Rule of Civil Procedure 41(a)(2), which is substantially similar to Vermont Rule 41(a)(2), and stating that "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under [Federal] Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation"); <u>GAF Corp. v. Transamerica Ins. Co.</u>, 665 F.2d 364, 369 (D.C. Cir. 1981) ( "Good faith . . . is simply irrelevant to an award of attorneys' fees or the imposition of any other 'terms and conditions' under [Federal] Rule 41(a)(2)."); <u>LeCompte v. Mr. Chip, Inc.</u>, 528 F.2d 601, 603 (5th Cir. 1976) ("Most cases under [Federal Rule 41(a)(2)] have involved conditions that require payment of costs and attorney's fees."); see also 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366, at 526-27, 533 (3d ed. 2008) (stating that "[t]he court may dismiss without conditions if conditions have not been shown to be necessary, but usually the district judge at least should require that the plaintiff pay the costs of the litigation," which may include "defendant's attorney's fees as well as other litigation costs").

¶ 16.    We need not decide that question now because this order purporting to authorize the Commission to consider awarding fees in a <u>future</u> case is not a "condition" pursuant to Rule

7

41(a)(2).  Once it is understood that the Commission cannot revisit whether a departure from the American Rule was justified in this proceeding, it is clear that the order does nothing to change any party's situation in a future case in any way.  The order does not alter or expand the Commission's authority to award attorney's fees in a subsequent proceeding, even assuming the Commission had the power to do so.  It is therefore not a condition and effects no purpose.  For the sake of clarity, we strike the order regarding attorney's fees.

We reverse and remand the Commission's order regarding the § 248b fee for proceedings consistent with this opinion, and we strike the Commission's order regarding attorney's fees.

FOR THE COURT:

_____
Chief Justice

8