Filed 05/05/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-03976

| | |
|---|---|
| MANSFIELD HELIFLIGHT, INC.,<br>    Plaintiff<br><br>    v.<br><br>CITY OF BURLINGTON D/B/A<br>BURLINGTON INTERNATIONAL<br>AIRPORT and BETA TECHNOLOGIES,<br>INC.,<br>    Defendants | DECISION ON MOTION |

## RULING ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff Mansfield Heliflight, Inc. ("MHI") has filed a motion pursuant to Rule 41(a)(3) of the Vermont Rules of Civil Procedure seeking an order from the Court dismissing its case against the City of Burlington without prejudice. The former co-defendant, Beta Technologies, Inc., has been dismissed from the case with prejudice, leaving the City as the sole remaining defendant. The City objects to dismissal without prejudice due to the age and stage of the case and the financial resources it has devoted to its defense of the claims. The City argues that the case should be dismissed with prejudice, but if it is dismissed without prejudice, the City contends it should be awarded the attorneys' fees it has incurred in defending the action. MHI is represented by Attorneys Matthew A. Zidovsky, Esq. and Lisa Shelkrot, Esq. The City is represented by Attorney Pietro J. Lynn, Esq. For the reasons discussed below, Mansfield's motion is GRANTED, and the Court will dismiss this matter without prejudice, subject to the conditions set forth below.

### Procedural Background

A brief review of the procedural history of this matter and related litigation is helpful and relevant to the Court's determination. This action arises out of disputes over a lease agreement between MHI and the City for space at the Burlington International Airport, including alleged breaches and the non-renewal of the lease. In November 2022, MHI filed its Complaint in this action seeking a declaratory judgment and asserting claims for breach of contract and tortious interference, among others. In December 2022, the City filed a motion to dismiss, which the Court granted as to Counts I (declaratory judgment) and II (breach of contract), allowing the remaining three claims (trespass, violation of 12 V.S.A. § 4911, and tortious interference with contractual relations) to go forward. The City filed a counterclaim for eviction at the end of December 2022, and the City moved for judgment on the pleadings on the remaining claims

against it in February 2023.  That motion was denied, and MHI was permitted to amend its complaint over the City's objection.  The City moved once again to dismiss the counts asserted against it in the amended complaint, which was denied.  In March 2023, MHI moved to file a second amended complaint, which the City opposed.  In November 2023, the City filed a motion for summary judgment.  MHI sought an extension of its time to respond to the summary judgment motion based on fact witness depositions that had not yet been completed.  The Court granted the extension in January 2024, and MHI sought a further extension the following month, which the Court also granted.  In March 2025, the City moved the Court to rule on its long-pending summary judgment motion, to which MHI had not yet responded.  Following a hearing, the Court ordered MHI to respond to the summary judgment motion by December 5, 2025.  At the end of October 2025, the parties filed a joint motion seeking an extension of the discovery deadlines.  MHI has yet to respond to the City's motion, and the parties still have not completed their discovery.  In addition to their dispositive motion practice, the parties have had vigorously contested discovery disputes leading to numerous motions to compel, and the Court has been asked to review documents in camera due to the parties' disagreements about privilege.  The parties attended a mediation session in or about June 2024, but they were apparently unable to reach a settlement.

In April 2025, MHI commenced a lawsuit against the City in federal court based largely on the same underlying facts as this case, but alleging different causes of action: violation of the First Amendment under 42 U.S.C. § 1983, violation of the Vermont Constitution, Chapter I, Articles 7 and 13, and trespass to chattels.  *See Mansfield Heliflight, Inc. v. Longo*, No. 2:25-cv-00388-cr, 2025 WL 3240787, at *6 (D. Vt. Nov. 20, 2025).  In June 2025, the City moved to stay or dismiss the federal action based on the pendency of the state case.  The federal court denied the motion, noting that the two cases are not parallel: "Because there is no substantial likelihood that the State Case will dispose of all of the claims in this action and because the parties in the two cases differ with no overlapping claims, under the *Colorado River* doctrine, the cases are not parallel." *Id*. at *11.[1]  Despite the federal court's decision, MHI alleges that the City continues to assert that the federal claims are barred by collateral estoppel due to this action.  In seeking voluntary dismissal, MHI states that it "has made a business decision not to pursue this case further," Mot. at 1, but it asks that the case be dismissed without prejudice because it does not want to risk the dismissal order having any preclusive effect on the federal court action.  Reply at 2.  The City opposes the motion to dismiss this case without prejudice unless it is reimbursed for the fees it has incurred to date in defending the action.

<u>Discussion</u>

When a lawsuit has progressed beyond the point where a defendant has filed an answer or motion for summary judgment and the parties do not all stipulate to dismissal,

---

[1] The *Colorado River* doctrine refers to a doctrine of abstention from federal jurisdiction.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-19 (1976) (discussing factors district courts should consider in determining whether to abstain from cases in which there are similar cases pending, or that could be filed, in state court).

an action shall not be dismissed at the plaintiff's request except upon order of the court and upon such terms and conditions as the court deems proper. Unless otherwise specified in the order, a dismissal under this paragraph (3) is without prejudice.

V.R.C.P. 41(a)(3). Vermont's rule is similar to its federal counterpart, which provides that once a defendant has filed an answer or motion for summary judgment, a plaintiff must obtain a court order to dismiss a complaint "on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).[2] The City contends MHI should not be granted dismissal without prejudice, but rather argues any dismissal must be with prejudice.

"Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action pursuant to Rule 41(a)(2) 'if the defendant will not be prejudiced thereby.'" *Reynolds v. OneWest Bank, FSB*, No. 5:11-CV-81, 2011 WL 5357503, at *2 (D. Vt. Nov. 7, 2011) (quoting *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 126 (2d Cir. 2003)); *see Watson v. Vill. at Northshore I Ass'n*, 2018 VT 8, ¶ 86, 207 Vt. 154 (noting that "dismissal with prejudice may be appropriate" under Rule 41(a)(3) "where the defendant has demonstrated that it will suffer clear legal prejudice as a result of continued litigation"). Thus, as our Supreme Court has explained, "while motions for voluntary dismissal should be 'freely granted,' the trial court has discretion to convert such a motion into a dismissal with prejudice when the nonmoving party has demonstrated that it will suffer some legal harm other than the prospect of subsequent litigation." *Id*. (quotation omitted).

Where, as here, no "legal prejudice" is asserted, the Second Circuit Court of Appeals has identified the following factors to consider in determining whether a defendant would be prejudiced by allowing a plaintiff to dismiss a complaint unconditionally pursuant to Federal Rule 41(a)(2):

> [1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

*D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)); *cf. Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002) (prejudice found where defendant would be stripped of "viable statute of limitations defense" if dismissal were granted without prejudice); *see also Exist, Inc. v. Vermont Country*

---

[2] When interpreting Vermont rules of procedure, Vermont courts look to federal cases interpreting similar federal rules of procedure for guidance. *Warner v. Warner*, 2025 VT 70, ¶ 15, ___ A.3d ___; *see* V.R.C.P. 1 – Reporter's Notes ("Federal cases interpreting the Federal Rules are an authoritative source for the interpretation of identical provisions of the Vermont Rules."). The Court notes that in 2019, Vermont's Rule 41 was revised and renumbered, such that V.R.C.P. 41(a)(3) is now substantially identical to F.R.C.P. 41(a)(2).

*Store, Inc.*, No. 2:19-CV-00058, 2019 WL 5310476, at *6 (D. Vt. Oct. 21, 2019) (observing that the "Second Circuit has identified two distinct lines of authority for determining when dismissal without prejudice will harm a defendant": legal prejudice, such as "if dismissal of the plaintiff's case also impairs the ability of a defendant to pursue a counterclaim in the same action that plaintiff seeks to dismiss," and evaluation of the *Zagano* factors (quotation omitted)).

The most relevant factors to consider here include factor 3, the extent to which this lawsuit has progressed, and factor 4, the duplicative expense of relitigation. As the City notes, this case has been pending for three and a half years, with considerable litigation activity. At present, the City's November 2023 motion for summary judgment remains pending. However, the parties have not yet completed discovery, and several depositions apparently remain to be taken. Moreover, the litigation of this matter included a co-defendant, whom the parties agreed to dismiss with prejudice earlier this year. Thus, while this case is relatively old, the remaining parties are not quite on the eve of trial. In addition, while it is likely that the City has incurred considerable attorneys' fees and expenses in defending against MHI's claims, the City does not demonstrate that the discovery and legal work conducted in this case could not be used in the ongoing federal case (which it contends is "based upon largely the same conduct and allegations" as the instant case), or reused should this state action be filed by MHI again. Thus, the City's argument that factor four weighs in favor of dismissal with prejudice is unpersuasive. Finally, regarding factor five, MHI's explanation that it has made the "business decision" not to pursue its claims here, but seeks to avoid any potential preclusive effect on the federal case is reasonable and adequate. *See Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001) ("Plaintiffs' explanation, that they have brought the motion in order to facilitate an end to the litigation but that they wish to avoid preclusive effects of the district court's ruling on this claim, is adequate.").[3] Accordingly, in consideration of all the above factors, the Court concludes MHI's motion to dismiss without prejudice should be granted.

The City argues that it should be awarded its attorney's fees incurred in defending this action if dismissal without prejudice is permitted. In *In re Swanton Wind LLC*, 2018 VT 141, ¶ 15, 209 Vt. 224, the Vermont Supreme Court acknowledged that federal courts have awarded defendants their "attorneys' fees as a condition of voluntary dismissal without prejudice" pursuant to Rule 41(a)(2) where the defendant "'has been put to considerable expense in preparing for trial.'" *Id*. (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986)). As the Second Circuit has explained, the "purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985); *see also Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018) (noting that, "in the ordinary case, dismissal with prejudice protects a defendant from otherwise repetitive litigation, whereas dismissal without prejudice leaves a defendant at risk of re-litigating dismissed issues"). However, "[a]ny fee award has limitations including that these 'court ordered costs cannot include those expenses for items that will be useful in another action or that were incurred by the defendant unnecessarily.'"

---

[3] MHI asserts that the Court's dismissal of its breach of contract claim is one reason it wants to dismiss this case, Mot. at 1, but that claim was dismissed over three years ago. Thus, factor one also comes into play to some extent, but still does not weigh in favor of dismissal with prejudice.

*Reynolds*, 2011 WL 5357503, at *5 (quoting 9 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2366, at 527 (3d ed. 2008)).

Here, MHI assures the Court that it has no plan to refile its claims against the City in the future. Moreover, MHI suggests that if the Court were to require MHI to pay the City's attorneys' fees as a condition of voluntary dismissal, it would withdraw its motion and continue with this litigation. Reply at 5-6; *see Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 109 (2d Cir. 2018) (holding that "it is the *plaintiff*, rather than the court, who has the choice between accepting the conditions and obtaining dismissal" or if "the conditions are too burdensome, withdrawing [the] dismissal motion and proceeding with the case on the merits" (quotation and footnote omitted)). Given the stage of this case and the effort expended by the parties to litigate MHI's claims to date, the Court concludes that the City would be prejudiced if MHI were to later refile its claims in state court and the City were required to incur duplicative expenses to repeat the discovery and legal work that has already been done in this matter. Accordingly, the Court will grant MHI's motion to voluntarily dismiss this action *on the condition* that if it subsequently files a new case against the City asserting substantially the same claims and/or allegations as in this case, MHI will be required to pay the City's attorney's fees and costs incurred to date in this case for litigation work that the City demonstrates it is reasonably necessary to duplicate or perform again in the new case.

## Order

For the foregoing reasons, Plaintiff Mansfield Heliflight, Inc.'s Motion for Voluntary Dismissal without prejudice pursuant to Rule 41(a)(3) (Mot. #58) is GRANTED upon the condition that if MHI files a new case against the City asserting substantially the same claims and/or allegations as in this case, the Court will require MHI to pay the City's attorney's fees and costs incurred to date in this case for litigation work that the City demonstrates it is reasonably necessary to duplicate or perform again in the new case.

MHI shall have 14 days to withdraw its motion to dismiss. If nothing further is filed, this matter will be dismissed without prejudice, with each party to bear its own fees and costs, subject to the condition stated above.

Electronically signed on May 5, 2026 at 1:31 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge